| 60 | 481 |
| '102 | 558 |
| 102 | 584 |
| 102 | 588 |

WILLIAM V. POWERS, Respondent, v. UNION RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, January 15, 1895.

**Street Railways:** INSTRUCTION DEFINING DUTY OF COMPANY TO PASSENGER. An instruction, which. in defining the obligation of a street railway company to a passenger on one of its cars, declares it to be the duty of the company "to exercise the highest practicable care, caution and diligence, to safely transport" the passenger, is held not to be erroneous.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*Smith P. Galt* for appellant.

*Orr, Christie & Bruce* for respondent.

BOND, J.—This action is for personal injuries sustained by a passenger on defendant's street car by reason of the compression of his leg against the side of the car by the coupling of a wagon which had penetrated the body of the car. The answer was a general denial. There was evidence tending to prove the facts alleged as plaintiff's ground of recovery, and a verdict and judgment in his favor for $400 was rendered, from which defendant appealed.

The first error assigned is the overruling by the court of appellant's objection to the following question put to plaintiff: "What is your income, wages?" The record shows no answer to this question. The ruling of the court was, therefore, harmless from any point

of view.    Appellant also objected to the question put to one of respondent's witnesses as to whether he changed his employers at their or his own request.    This question was asked in explanation of a statement previously made by the witness, that respondent "worked for one person and then another."    We do not perceive any prejudicial error in the inquiry in that connection. Besides, the answer, that these changes were made because of the competition among his employers to secure his services, shows its relevancy as negativing a possible inference of his incompetency, which might have been drawn from the former statement, if left unexplained.

Neither was there any reversible error in the refusal of the court to strike out the statement of witness, Keyser, as to the value of respondent's services, based upon what he had been told of the number of his sales by the agent representing the business. There was abundant other testimony in the record, which was uncontradicted, showing that the estimates placed by this witness upon the value of respondent's services were reasonable.    His testimony was therefore cumulative at most, and its erroneous reception under the circumstances was not reversible error.

We have also examined the rulings of the court upon other questions complained of by appellant, and do not find any error in them.

The only question of difficulty presented by the appeal is the language of the instruction given for respondent, defining the degree of care to be observed by appellant.    The jury were told that it was appellant's duty "to exercise the highest practicable care, caution and diligence to safely transport" appellant. This is not the phraseology of any one of the three rules for measuring the care, prescribed by law, which are approved by the supreme court and recommended

to *nisi prius* courts for their adoption. Nor would it be altogether clear that the language of the present instruction is not too broad as to the degree of care incumbent upon appellant, if that language was to be determined by the expressions of the supreme court in the case of *Dougherty v. Railroad*, 97 Mo. *loc. cit.* 667. But that tribunal in the case of *Lemon v. Chanslor*, 68 Mo. *loc. cit.* 358, approved a definition requiring carriers to exercise the greatest possible care and diligence. It is plain that the language employed in the instruction, *supra*, does not import a greater degree of care than that prescribed in the definition quoted in the case last cited. The broadest synonym of "practicable" is "possible;" and, if possible is not too strong a term to use in such an instruction, it is evident that practicable can not be. The doctrine of *Lemon v. Chanslor*, *supra*, has been repeatedly affirmed by the supreme court, and must be taken by us to be entirely harmonious with the rule laid down in the other cases cited. The instruction in this case may be well supported also upon the principles laid down in *Smith v. Railroad*, 108 Mo. 249. The result is that the judgment herein is affirmed. All concur.