———o———

John H. Schaabs, Plaintiff in Error, *vs.* The Woodburn Sarven Wheel Company, Defendant in Error.

1. *Negligence, immediate and proximate cause of injury—Recovery in case of, negligence of plaintiff; of both parties.*—No one can recover for an injury of which his own negligence in part or in whole was the immediate and proximate cause. Where the negligence of both parties was the proximate cause, neither can recover.

2. *Practice, civil— Verdict—General finding for defendant sufficient, unless in case of counter-claims.*—It is not necessary to find separately for defendant on each count. A general finding for defendant embraces all the issues and is in effect the same as finding each issue for him. This rule may not apply where the answer contains distinct and separate counter-claims.

*Error to St. Louis Circuit Court.*

*Hitchcock, Lubke & Player*, for Plaintiff in Error.

*S. N. Taylor & Hamilton Moore*, for Defendant in Error.

ADAMS, Judge, delivered the opinion of the court.

This was an action for damages occasioned by the collision of plaintiff's and defendant's wagons on 14th street in the City of St. Louis.

The plaintiff's petition charges that the accident occurred by the negligence of defendant's driver, and contains two counts; one claiming damages for injuries to plaintiff's wagon and the other for injuries to his person. The answer of defendant denied all negligence on the part of its driver, and charged that the accident occurred by plaintiff's own fault.

The plaintiff's wagon was a light one horse vehicle, the defendant's, a large platform transfer wagon. The evidence was contradictory. On the part of the plaintiff, it tended to prove his case, and on the part of the defendant, it conduced to prove that the plaintiff himself was the occasion of the collision.

The plaintiff asked an instruction, which was given, telling the jury to find on each count if they found for plaintiff. The court then gave on its own motion one instruction, and four at the instance of the defendant, which are as follows:

Instruction for plaintiff given by the court on its own motion.

"The jury are instructed that the plaintiff is entitled to recover against the defendant in this case, if, from the evidence adduced before them, they believe that the plaintiff was the owner of the horse and wagon which he was driving, at the time of the collision with defendant's team; that he was driving the same with proper care and caution upon the public streets of the City of St. Louis; that the defendant's driver through carelessness or unskillfulness drove the defendant's team against plaintiff's wagon, and that plaintiff in direct consequence of such collision was injured in his person or property as alleged in the petition."

Instructions given for defendant.

1. "The court instructs the jury that the gist of plaintiff's action in this case is negligence, and the plaintiff cannot recover unless the evidence shows a case of negligence on the

part of the defendant, and if the jury find from the evidence that both parties, by their negligence, immediately contributed to produce the injury, the plaintiff cannot recover, and the verdict should be for the defendant.

2. "The court instructs the jury that if they find, from the evidence, that, at the time of the collision between the wagons of plaintiff and defendant, the team of defendant was moving on a walk, and near the east side of Fourteenth street, and that there was a wide space open to the west of the defendant's wagon, and that the street was clear and unobstructed on that side, so that plaintiff, before the collision, by reasonable care and diligence could have reined his horse to the left, and thus avoided the accident, and that it was owing in part to plaintiff's carelessness and negligence in not so reining his horse that the accident was caused, they should find for the defendant."

3. "The court instructs the jury that if they find from the evidence that the immediate cause of the plaintiff being thrown from his wagon and receiving the injuries complained of, in his second cause of action, was his holding to the lines after his horse broke loose from his wagon, the verdict should be for the defendant on said count, even though the jury should find for plaintiff on his first cause of action."

4. "Though the jury believe, from the evidence, that the wagon of the defendant was on the wrong side of the road, yet if there was plenty of room for plaintiff to pass it, without a collision, by reining his horse a little to the other side, and that plaintiff was careless and negligent in not so reining his horse, he cannot recover, and the verdict should be for the defendant."

The plaintiff objected to the instructions given for defendant and excepted to the ruling of the court. The court refused the following instruction asked by plaintiff, and he excepted.

" The jury are instructed that the plaintiff is entitled to recover against the defendant in this case, if, from the evidence adduced before them, they believe that the plaintiff was the owner of the horse and wagon which he was driving at

the time of the collision with defendant's team; that he was driving the same upon the public streets of the City of St. Louis; that the defendant's driver through carelessness or unskillfulness drove the defendant's team against plaintiff's wagon, and that plaintiff, in direct consequence of such collision, was injured in his person or property as alleged in the petition. And the jury are further instructed that it makes no difference whether the plaintiff was driving slow or fast, if the jury also believe that the defendant's driver could have avoided the happening of the accident, and that the plaintiff did not contribute to it."

The jury found a verdict for the defendant. The plaintiff filed a motion for a new trial which was overruled. He also filed a motion in arrest, upon the alleged ground that the verdict of the jury was a general verdict in favor of defendant on the whole petition, and not a separate finding on each count of the petition. This motion was also overruled and final judgment rendered for defendant which on appeal was affirmed by the General Term and the plaintiff has brought the case here by writ of error.

1. I see no error in the instructions upon which the case was tried. They presented the whole case fairly to the jury on both sides. The question of contributory negligence on the part of the plaintiff, was the only material issue raised by the pleadings and evidence. No one can recover for an injury of which his own negligence in part or in whole was the immediate and proximate cause. This seems to be the settled law of this State. (See Morrissey vs. The Wiggins Ferry Co., 43 Mo., 383, and the authorities there cited.)

2. The instruction asked by the plaintiff, and refused by the court, in the concluding paragraph was manifestly erroneous. It enunciates, in effect, the doctrine that the plaintiff had the right to run his own vehicle at the most furious rate of speed, and that it was the duty of the defendant at all hazard, to keep out of his way if he could possibly do so. It would not do for the defendant to stop his wagon leaving room for the plaintiff to pass, but he must if possible, yield the whole street to avoid a collision. This is not the law. It was the

duty of both parties to drive at a moderate rate on the streets, and to use due care to prevent a collision. If both were in fault and the negligence of both was the proximate cause of the collision, neither can recover for an injury produced thereby.

The verdict of the jury was in fact a finding on both counts, inasmuch as it found all the issues for the defendant. It was not necessary to find separately for the defendant on each count. A general finding for defendant embraces all the issues and is precisely the same as finding each issue for the defendant.

Sometimes a general finding for plaintiff of a certain amount, where there are several counts for entirely distinct causes of action, may not be proper. But in regard to the defendant, such finding is always proper, unless the answer consists of distinct and separate counter-claims; then in some cases the finding on the counter-claims ought to be separate. On the whole record, the judgment appears to be for the right party.

Judgment affirmed. The other judges concur.