97 271
102 5558

## CHAS. L. HORNSTEIN, Respondent, v. UNITED RAILWAYS COMPANY OF ST. LOUIS et al., Appellant.

### St. Louis Court of Appeals, December 16, 1902.

1. Negligence: INFERENCE FROM FACTS. In the case at bar, negligence is not to be inferred from the mere happening of the injury.

2. ———: MOTORMAN, DUTY OF. It is the duty of a motorman in charge of a street car to sound his gong on approaching a crossing, and the omission to do this is negligence.

3. ———: ———: WITNESS: EVIDENCE: NEGATIVE EVIDENCE. In the case at bar, defendants failed to produce the motorman as a witness, and the negative evidence of the failure of defendants to prove affirmatively that the gong was sounded at the railway crossing, if such was the fact, was sufficient proof of the allegation of negligence to send that issue to the jury.

4. ———: ———: DUTY OF PLAINTIFF. In the case at bar, it was plaintiff's duty to have stopped and waited until he could see whether or not there was an approaching car on the east track before blindly proceeding to cross over that track.

5. ———: CONTRIBUTORY NEGLIGENCE: PROXIMATE CAUSE. Where the negligence of plaintiff contributed to and was the proximate cause of his injury, no recovery can be had by him.

6. ———: ———: ———: INSTRUCTION: ERROR. In the case at bar, it was error for the trial court to refuse to give the following instruction to the jury. "If you believe from the evidence that the injury to the plaintiff was caused by the joint, mutual and concurring negligence of plaintiff and defendant's agents in charge of the car, and that the negligence of neither without the concurrence of the negligence of the other, would have caused said injury, then the plaintiff is not entitled to recover and your verdict must be for the defendant."

Appeal from St. Louis City Circuit Court.—*Hon. Selden P. Spencer*, Judge.

REVERSED AND REMANDED.

STATEMENT.

The suit is for the recovery of damages for personal injuries received by plaintiff on June 6, 1901, by being struck by one of the defendant's cars moving north on Vandeventer avenue in the city of St. Louis.

The allegations of negligence are:

"1.    That the conductor of the south-bound car carelessly and negligently failed to give the plaintiff, as he was alighting from said car and about to cross the eastern track, any warning of the fact that the north-bound car was approaching.

"2.    The said north-bound car was negligently permitted to run at a high and dangerous rate of speed as it approached and passed the corner of Page and Vandeventer avenues.

"3.    That the motorman of said north-bound car negligently and carelessly failed to ring his gong or give any warning whatsoever of the approach of said north-bound car.

"4.    That the motorman of said north-bound car negligently and carelessly failed to check the speed of his car, or to have said car under control, or keep a watch for persons approaching said eastern track."

The answer is, first, a general denial, second, the following plea of contributory negligence, to-wit:

"Further answering, the defendant says that, whatever injuries the plaintiff sustained, were caused by his own carelessness and negligence in stepping upon defendant's track in front of said approaching car, when by looking he might have seen, or by listening he might have heard the same, and avoided said accident."

The plea of contributory negligence was denied by a reply.

The evidence shows that Vandeventer avenue runs north and south and crosses Page avenue running east and west. In Vandeventer avenue are double railway tracks over which defendant operates street cars by electric power. Cars going south move on the west track and those going north on the east track.

Plaintiff had resided in the immediate neighborhood of the crossing of Vandeventer over Page avenue for five or six months prior to his injury and had during all that time frequently traveled on defendant's cars on Vandeventer, and was familiar with the surroundings and knew as a fact that the cars going north and south passed each other frequently at the crossing of Vandeventer and Page avenues. He is a man of sixty years of age, but his hearing is unimpaired and his eyesight normal for a man of his age. If he is to be judged by his evidence his English is bad and his intelligence below the average. On the day of the accident the plaintiff took passage on defendant's car running south on Vandeventer intending to get off at Page avenue and go to his home on Page east of Vandeventer. When the car reached Page it stopped and plaintiff alighted. What then occurred is thus related by the plaintiff:

"When I got up from the car, I was looking around and listened for the second car on the second track, and I looked around and I listened for the car, and I could not see the car, and the bell did not ring. Then I looked back behind me and there the car started, and I walked over and I looked and listened for the bell, and I did not hear any bell or see any car, and when I got to the car and looked around I saw a car coming, and I turned back with my right shoulder, and the car struck me right on the right shoulder and knocked me down; and I did not know any more after that. That is all I know. I was knocked unconscious.

"Q. Can you state whether you had gotten in the east track? A. I walked over one track over to the other track.

"Q. I say, how far had you got when the car struck you? A. Only from the corner of my car—the end of my car; and then I saw the other car coming, because I was looking for the car and listening for the bell, and I did not see the car or hear the bell, and I was at the corner of my car, and when I saw the car coming, I

turned back. I wanted to be safe, and I turned around. I fell on the other side of the track, in the west side.

"Q. Do you know anything about how the car was going? Whether fast or slow? A. No, sir; I did not see the car until I was at the end of the car. I was at the corner only, and I did not hear the bell ringing there. I was listening for those two points."

Plaintiff's evidence, and also that of some of the other witnesses, show that the car from which he alighted began to move south when plaintiff had reached the middle of the west track. Three witnesses, one on the east side of Vandeventer and two on the rear of the platform of the car from which plaintiff alighted, testified that they saw the other car coming from the north and that when they saw plaintiff going around the end of the car from which he alighted and going on east across the street they called to him to lookout a car was coming; that he either did not hear or paid no heed if he did hear. Plaintiff testified that he did not hear them.

One witness testified that the north-bound car was running at a rapid speed; that she judged of the speed by the noise it made. Others testified that it was running at the ordinary speed. There is no evidence of the actual or approximate speed at which it was running.

After the car struck plaintiff it was brought to a stop after running the width of Page avenue. There is no evidence that it was not under the control of the motorman.

The evidence is negative but tends to prove that the gong of the north-bound car was not sounded as it approached the crossing. There is no evidence that it was sounded.

At the close of the evidence for plaintiff, defendant moved the court to instruct the jury that plaintiff was not entitled to recover. This was denied and the cause was submitted to the jury on instructions given for plaintiff and defendant. The jury returned a verdict for plaintiff, assessing his damages at $1,000. A timely

motion to set aside the verdict and for new trial was filed by the defendant which was overruled by the court and judgment was rendered on the verdict, from which plaintiff appealed.

*Geo. W. Easley* with *Boyle, Priest & Lehmann* for appellant.

(1) In the case at bar there is nothing in the record to show whether the motorman, on the car which struck plaintiff, saw him or not. To the same effect is a very recent case. Hanselman v. Railroad, 88 Mo. App. 122. It was said by this court that, where a boy nine years of age emerged suddenly from behind the car on which he had been riding and ran immediately into the flank of the nigh horse on the other track and was injured, there was no evidence of negligence on the part of the defendant. "The whole thing—the appearance of the boy, his collision with the horse, his falling down, and the passing of the wheels over him—was almost instantaneous." The cause was reversed without remanding. Dunn v. Railway, 21 Mo. App. 188. (2) The rule is definitely laid down in Maryland that where a person deliberately walks out from behind a street car from which he has alighted, and attempts to cross a public street without using his powers of observation, and is injured by an approaching car, which injury could have been avoided by the use of ordinary care, he can not recover damages for such injury. Baltimore Traction Co. v. Helms, 1 Am. Neg. Rep. 63. (3) When the injury is the result of the mutual fault of the parties, "the law will neither cast all of the consequences upon the defendant, nor will it attempt any apportionment thereof." Cooley on Torts (2 Ed.), p. 812, and cases collected in note 2. (4) "The negligence to defeat a recovery must be a proximate cause for the injury, but need not be the sole proximate cause." Payne v. Railroad, 129 Mo. 419. (5) The fourth and fifth instructions asked by defendant offered to submit to the jury the question of whose negligence

caused the injury, and whether plaintiff's alleged negligence contributed thereto. They were certainly proper. Moher v. Railroad, 64 Mo. 276; 1 Thomp. on Neg., secs. 44, 45; Broom's Max., 216; Wharton's Neg., sec. 138; Hudson v. Railroad, 32 Mo. App. 676; Brown v. Railroad, 20 Mo. App. 227. (6) The plaintiff was in no danger until he got on or so near the track as to be struck. Even if the motorman saw him or should have seen him as he passed to the rear of the car from which he alighted, the motorman might properly assume that he would stop before getting so near the car as to be struck. Watson v. Railway, 133 Mo. 251; Yancey v. Railroad, 93 Mo. 433; Baker v. Railroad, 122 Mo. 595; Boyd v. Railroad, 105 Mo. 371; Smith v. Railroad, 52 Mo. App. 36.

*Sale & Sale* for respondent.

(1) The demurrer to the evidence was properly overruled. The plaintiff was not guilty of contributory negligence, as matter of law; in fact, there is no evidence in the record to support the allegation of contributory negligence charged by defendants, to-wit, that plaintiff stepped upon defendant's track. Railway v. Snell, 54 Ohio St. 197 (32 L. R. A. 276); Railway v. Gentry, Adm. (Ind.), 37 L. R. A. 378; Consolidated Traction Co. v. Scott (N. J.), 33 L. R. A. 122; Railway v. Robinson, 127 Ill. 9 (4 L. R. A. 126); Weber v. Railway, 100 Mo. 202; Smith v. Union Trunk Line, 18 Wash. 351 (45 L. R. A. 169); Schmidt v. Railroad, 149 Mo. 296; s. c. 163 Mo. 645.

BLAND, P. J.—Defendant insists that its demurrer to plaintiff's evidence should have been given. In the circumstances of the case negligence of defendant is not to be inferred from the mere happening of the injury. Murphy v. Wabash R'y Co., 115 Mo. 111; Yarnell v. The Kansas City F. S. & M. R'y Co., 113 Mo. 570; Harper v. Standard Oil Co., 78 Mo. App. (St. L.)

338; Breen v. The St. Louis Cooperage Co., 50 Mo. App. (St. L.) 202.

There is no evidence in support of the first, second or fourth allegation of negligence in the petition. In respect to the third allegation of negligence, the failure to give the warning signal, it is unquestionably the law that the duty of the motorman in charge of the car running north was to have sounded the gong on approaching the crossing. The omission of this duty was negligence. Dixon v. The C. & A. R'y Co., 109 Mo. 413; Weller v. C., M. & St. P. R'y Co., 164 Mo. l. c. 195.

While there is no direct proof that the signal was not given, there is negative evidence of the fact, and it was within the power of the defendant to have proven affirmatively by the motorman in charge of the car, if it was a fact, that the warning was given. Defendant failed to produce the motorman as a witness or to account for his absence. The negative evidence of the failure to give the warning signal and the failure of defendant to prove affirmatively that it was sounded, if such was the fact, was sufficient proof of the third allegation of negligence to send that issue to the jury, and there was no error in refusing defendant's peremptory instruction, unless the evidence is all one way that plaintiff was guilty of such contributory negligence as to preclude his right of recovery, notwithstanding the defendant was guilty of negligence in failing to give the warning signal.

The plaintiff testified that he looked for the north-bound car as he was moving out of his car but he saw none; that he looked and listened when he got off, but that he neither saw nor heard the approaching car. He could not see on account of the obstruction caused by the car he had just left; looking, under the circumstances, was a useless performance. The car from which he had alighted, he testified, began to move away when he was in the middle of the west track. Had he then halted but for one moment, the car that was obstructing his vision would have moved away and he could have seen the north-bound car, but he did not

take this precaution. He moved on towards the east track without halting or hesitating and arrived sufficiently near that track just in time to come in contact with the corner of the vestibule of the car. This was negligence of the most pronounced sort. It was plaintiff's duty, in the circumstances, to have stopped and waited until he could see whether or not there was an approaching car on the east track before blindly proceeding to cross over that track. Weller v. C., M. & St. P. R'y Co., 164 Mo. l. c. 198; Dlauhi v. St. L., I. M. & S. R'y Co., 139 Mo. 291; Kelsay v. The Mo. Pac. R'y Co., 129 Mo. 362; Childs v. Bank of Missouri, 17 Mo. 214; Easley v. The Mo. Pac. R'y Co., 113 Mo. 236; Culbertson v. Street R'y Co., 140 Mo. 35; Pinney v. M. K. & T. R'y Co., 71 Mo. App. (K. C.) 577; Lien v. C. M. & St. P. R'y Co., 79 Mo. App. (K. C.) 475. Common prudence would have dictated, when the south-bound car began to move away, that the plaintiff stop for a moment that he might have an unobstructed view of the east track and see whether or not it was safe to proceed across the street. His failure to exercise this precaution was negligence, and there is no escape from the conclusion that this act of negligence contributed to and was the proximate cause of his injury; where this is the case the law is well settled that no recovery can be had. Weber v. The K. C. Cable R'y Co., 100 Mo. 194; Hogan v. Citizens' R'y Co., 150 Mo. 36; Moore v. K. C., Ft. S. & M. R'y Co., 146 Mo. l. c. 580; Corcoran v. St. L., I. M. & S. R'y Co., 105 Mo. l. c. 405, and cases cited; Tesch v. Milwaukee Electric R. & R. L. Co., 53 L. R. A. 618.

My associates are of the opinion that the case was one for the jury on the question of plaintiff's contributory negligence, but that the court erred in refusing the following instruction asked by defendant, to-wit:

"If you believe from the evidence that the injury to the plaintiff was caused by the joint, mutual and concurring negligence of plaintiff and defendant's agents in charge of the car, and that the negligence of neither, without the concurrence of the negligence of the other,

would have caused said injury, then the plaintiff is not entitled to recover, and your verdict must be for the defendant," for which the judgment should be reversed and the cause remanded.

The judgment is reversed and the cause is remanded by the concurrence of *Barclay* and *Goode, JJ.; Bland, P. J.*, thinks the case should be reversed without being remanded.

### ON MOTION FOR REHEARING.

PER CURIAM.—It may be well in acting upon this motion to state that the majority of the court entertain the opinion that the testimony tended to prove negligence on the part of the defendant company in failing to give the appropriate signals of the approach of the north-bound car, if not in other particulars of the negligence alleged in the petition.

The majority of the court consider that some of the instructions refused might well have been given, especially the one heretofore quoted in the opinion of the court.

The majority of the court are further of the opinion that the question whether plaintiff was guilty of contributory negligence directly conducing to his injury was, on the facts disclosed at the last trial, a question of fact for the jury.

The motion for rehearing is overruled, in which order all the judges concur for the reasons already given in the main opinion and in this memorandum.