TILLMAN, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

St. Louis Court of Appeals, November 17, 1903.

1. **Carriers of Passengers: DEGREE OF CARE.** In an action by a passenger against a street railway company for personal injuries, an instruction which tells the jury that a street car corporation "is bound to use the highest degree of care for the safety of its passengers," correctly declares the law.

2. ———: ———: CONTRIBUTORY NEGLIGENCE: EQUAL NEGLIGENCE. Where there was evidence offered by the defendant, of negligence on the part of plaintiff which contributed to the injury for which he sues, an instruction which told the jury that if plaintiff and defendant's servants were equally guilty of negligence which directly contributed to the accident, the verdict should be for defendant, was improperly refused.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough,* Judge.

REVERSED AND REMANDED.

*Boyle, Priest & Lehmann* and *Crawley, Jamison & Collett* for appellant.

If plaintiff was not invited to board defendant's car; if the car did not stop at a usual and regular place

for taking on passengers, and plaintiff, without the knowledge of any of the servants of defendant in charge of the car, attempted to board the same, then defendant is not liable, even' though plaintiff may have been thrown from said car and injured. Jackson v. Railroad, 118 Mo. 220; Straus v. Railroad, 75 Mo. 185. Defendant was only required to use toward its passengers such skill, diligence and foresight as is exercised by a very cautious person under like circumstances. Jacquin v. Railroad, 57 Mo. App. 332; Dougherty v. Railroad, 97 Mo. 467; Smith v. Railroad, 108 Mo. 243; Freeman v. Railroad, 95 Mo. 94.

*Ernest E. Wood* for respondent.

(1)  There was no error in the second instruction given for plaintiff.   Leslie v. Railroad, 88 Mo. 55, Burbridge v. Railroad, 36 Mo. App. 677; Gilson v. Railroad, 76 Mo. 282; Sawyer v. Railroad, 37 Mo. 260; Taylor v. Railroad, 47 N. H. 304; Meier v. Railroad, 64 Pa. St. 225; Railroad v. Darby, 14 How. (U. S.) 468; Powers v. Railroad, 60 Mo. App. 481; Lemon v. Chanslor, 68 Mo. 340; Railroad v. Twinane, 10 West Rep. 824; Kelly v. Railroad, 70 Mo. 609.   When this instruction is read with the other instructions given, any possible error is cured.   Smith v. Railroad, 108 Mo. 243.   (2)   If there were any error in this instruction it was entirely harmless, and the courts have always held that a judgment will not be disturbed on account of harmless error. Fairbanks v. Long, 91 Mo. 628; Chambers v. Benoist, 25 Mo. App. 520; Brooks v. Railroad, 35 Mo. App. 571; During v. Collins, 38 Mo. App. 80; Keen v. Schnedler, 92 Mo. 516; Muth v. Railroad, 87 Mo. App. 422.   (3)   The words "highest degree of care" as applied to this class of cases have always been used, and have been seldom criticised at all, and never successfully.

STATEMENT.

On Sunday, the fourteenth day of September, 1902, at about half-past three o'clock p. m., plaintiff in company with five associates, signaled a north-bound car of defendant on the south end of Jefferson avenue bridge. The car upon which they sought transportation was on the Jefferson avenue line, an open summer car, with footboards along the sides. Papin street extends eastwardly and westwardly under the bridge and a flight of steps leads therefrom to the bridge, and it was the street nearest to the point of the occurrence and southern terminus of the bridge, there being no street north for some distance.

The testimony of Tillman and his companions tended to establish that they ascended the steps to the east side of the bridge, and hailed the car which, by reason of its rapid speed, passed the usual stopping place and stopped above the alley beyond and about two hundred feet northward of Papin street, when they ran forward and clambered on the footboard and the car, after a very brief period, estimated at two seconds, upon signal bell sounded by the conductor, started and moved off with a sudden jerk. Tillman was near the middle of the car, and he had grasped with his left hand a handhold when the car started, and it threw him around and as the car went by an iron trolley pole ten feet beyond the point at which it had stopped, the latter struck him on the right shoulder and knocked him off the car, producing the injuries complained of. The car proceeded, as variously estimated by the several witnesses, one hundred to two hundred feet before stopping in response to the cry of alarm of one of plaintiff's comrades. The post, by actual measurement, was thirty-seven inches from the rail and was not upright but leaned over toward the track, from having been struck at some previous time near its base. The foregoing is the narrative of the plaintiff and his associates, but de-

fendant introduced a plat, which exhibited the scene of the accident, and tended to show that the distance from the point where the cars customarily stopped to the next trolley pole was one hundred and six feet eight inches, which post was about one foot square at its base, tapering off to about four inches at the top. A trolley car had jumped the track and struck it about a year prior, and it stood three feet three and one-half inches from the rail to its nearest surface, and being wider at the base and tapering, and plaintiff a tall man, the pole would be two and one-half to three inches further distant from plaintiff's shoulder than it would be on a line with the running-board.

The petition set forth at great length plaintiff's complaint, pleading general negligence and charging special negligence in two counts: the first assigned, as the negligent and actionable conduct of defendant, that the car stopped at or near the intersection of Papin street and Jefferson avenue to permit plaintiff and others to become passengers thereon, and while plaintiff was stepping upon the car, and before he had time to completely enter it, on account of the negligence of defendant and its servants, the car suddenly lurched forward, throwing plaintiff off the car upon and against a post placed near the track. The other count was predicated upon a section of the so-called vigilant-watch ordinance of the city of St. Louis, providing that conductors and motormen operating street cars should stop for passengers wishing to enter or leave, and remain stationary a sufficient length of time to allow the passengers to safely board or leave the cars. The further averments were that defendant had accepted the provisions of this ordinance and by its violation at the time plaintiff attempted to enter, by causing the car to lurch suddenly forward, caused plaintiff to enter the car while in motion: that the defendant had negligently caused its track to be built dangerously near the post upon which plaintiff was thrown and was negligent in allowing the

post to remain so near its track as to be dangerous to passengers.

The answer was a mere general denial.

REYBURN, J. (after stating the facts as above).— 1. Appellant presents as the first error exhibited by the record, that there was a substantial variance, that the proof failed to respond to the allegations of the petition, but was a departure therefrom; that the charge was that the car lurched forward, throwing plaintiff off the car and upon and against a post or upright standard placed near the track of the defendant, while the evidence of plaintiff established conclusively that the post knocked him from the footboard. As the case will be reversed and remanded for a new trial for a more conspicuous and patent error committed at the trial, it is not deemed necessary to give lengthy consideration to this contention, but it is sufficient to suggest that prior to a retrial the petition may be bettered and made clearer by amendment.

2. The second instruction charged as follows:

"The court instructs the jury that a common carrier of persons, such as a street car corporation, is bound to use the highest degree of care for the safety of its passengers and for persons attempting to become passengers on their cars."

We are not impressed with the argument on behalf of appellant that this devolved upon defendant to exercise "the utmost care and foresight of which the human mind could conceive," but in our judgment, it only announced the proposition well established, especially by the decisions of the highest tribunal of this State, that in the performance of its duties as a common carrier of passengers, the defendant was obliged to use that degree of care which a very prudent man would adopt in the performance of such duties with the like means of transportation.

In Leslie v. Railway, 88 Mo. 50, the instruction as-

sailed embodied the language herein criticised and was held not objectionable, but approved. See also Sharp v. Railway, 114 Mo. 94, and Powers v. Railway, 60 Mo. App. 481, sanctioning the definition of the degree of care imposed, interpreted in even more vigorous terms. See also Fillingham v. Transit Company, 102 Mo. App. 573, decided at this term by this court, where this proposition is ably discussed and the authorities reviewed at length.

3.   The defendant asked the trial court to embrace the following in its charge to the jury:

"If, from the evidence, the jury believe that both the plaintiff, and the servant of defendant operating its car were equally guilty of negligence, which directly contributed to the accident and the injury complained of, then your verdict should be for defendant."

The probative force and weight of the testimony introduced by defendant, tending to show that plaintiff's injuries were contributed to directly by his own conduct, was for the decision of the jury; but there was evidence of such contributory negligence on his part, which entitled the defendant to have this issue submitted to the consideration of the jury, and its refusal constituted error requiring a reversal.   Hogan v. Railway, 150 Mo. 36; Hornstein v. Railway, 97 Mo. App. 271.

4.   Instruction indicated as number eight, defining the measure of plaintiff's recovery, is manifestly the consequence of clerical errors and in the disposition made of the case, deserves no further attention.

The judgment is therefore reversed and the cause remanded for a new trial.   *Bland, P. J.,* and *Goode, J.,* concur.