Eupha Louise **ELLIOTT**, Appellant,

v.

Kenneth **WESCOAT**, Respondent.

No. 47865.

Supreme Court of Missouri,

Division No. 1.

June 13, 1960.

R. S. McFarland, Nevada, for appellant.

Robert E. Seiler, Joplin, for respondent, Seiler, Blanchard & Van Fleet, Joplin, of counsel.

COIL, Commissioner.

Eupha Elliott sought $25,000 for personal injuries allegedly sustained when the automobile she was driving was struck by an automobile being operated by Kenneth Wescoat, at the intersection of Washington and Walnut in Nevada, Missouri. Wescoat counterclaimed for $257.15 for damage to his automobile. We shall refer to the parties as they were designated in the trial court. A jury found for defendant on plaintiff's claim and for plaintiff on defendant's counterclaim. Plaintiff has appealed from the judgment entered on the jury's adverse verdict.

Plaintiff's evidence tended to show that stop signs were located at all four corners of the intersection of north-south Washington and east-west Walnut. At about 6 p. m. on July 2, 1958, plaintiff drove an automobile south on Washington and stopped when its front end was even with a stop sign located about eight or nine feet north of the north edge of Walnut. She looked to her left and saw defendant's automobile approaching from the east (traveling west) on Walnut about 50 to 59 feet east of the east edge of Washington and slowing as though it would stop at the stop sign. Plaintiff then started forward not knowing whether defendant had stopped, and without again looking to her left or again seeing defendant's car until the instant before its front end struck the left side of her automobile when she had reached the approximate center of the intersection. She could have stopped within two or three feet as she drove into the intersection. Her car came to rest at the southeast corner facing east and the defendant's automobile stopped at the north curb of Walnut about "two or three parking spaces" west of the west edge of Washington. There was nothing which obstructed the view to plaintiff's left and there was no evidence of any distracting circumstance or other traffic, either vehicular or pedestrian, which had any bearing upon the actions of either plaintiff or defendant.

Defendant's evidence tended to show that his car and plaintiff's car stopped at the respective stop signs at the same time; that he looked twice and each time saw that plaintiff's car was stationary; that he started forward in his regular traffic lane and next saw plaintiff's car when it was a foot or two immediately in front of his car. Defendant said that the sun was "glaring" but that it was "not too bad."

Plaintiff contends the trial court erred in refusing one instruction and in giving two instructions. Inasmuch as we have determined that the trial court did not err in overruling plaintiff's new trial motion, we do not reach defendant's contention that plaintiff was guilty of contributory negligence as a matter of law.

Plaintiff's verdict-directing instruction hypothesized the facts of the occurrence supported by her evidence and directed a verdict on the theory that she had a right to assume that defendant would stop at the sign and yield the right of way unless she had or should have had reason to believe to the contrary and that defendant negligently failed to yield the right of way and thereby caused the collision.

Plaintiff's first complaint is that the trial court erred in refusing to give her offered instruction 3. That instruction was: "The Court instructs the jury, that if two vehicles reach an intersection at approximately the same time, then the vehicle approaching said intersection from the right shall have the right of way. And if the jury find and believe from the evidence that plaintiff's automobile was being driven south on North Washington Street and that defendant's automobile was being driven west on East Walnut Street and if you further find and believe from the evidence that said vehicles reached and stopped, if you find that both vehicles were required to stop at said intersection by City Ordinance, at the same time or approximately the same time, then plaintiff's automobile had the right of way."

Plaintiff argues that the instruction correctly declared the law and that she was entitled to have the jury so instructed and that it was the only proffered instruction which covered that aspect of the law of "right of way." Assuming, contrary to defendant's contention, that the instruction correctly stated the applicable law, it is apparent that plaintiff was not entitled to recover on any theory based upon the law set forth in instruction 3. As we have noted, plaintiff testified unequivocally that after she had stopped and immediately prior to starting forward, she looked to her left and saw defendant approaching the stop sign at decreasing speed and that at that time he was 50 to 59 feet from the east edge of the intersection. Thus, in view of that positive testimony, plaintiff could not recover on the basic premise of instruction 3, that both parties had reached the intersection at approximately the same time. That is to say, plaintiff could not recover on a theory supported only by defendant's evidence which was directly contrary to her own testimony. Miller v. Riss & Co., Mo., 259 S.W.2d 366, 370 [2, 3]. And, as we have heretofore noted, defendant did not recover on his counterclaim and, consequently, plaintiff could not have been prejudiced in so far as defendant's cause of action was concerned by the failure of the court to have given instruction 3.

It is true that defendant submitted plaintiff's contributory negligence by instructions B and C (to be hereinafter set forth). Instruction B hypothesized that plaintiff and defendant started into the intersection at the same time or approximately the same time. Even though plaintiff's recovery theory was opposed to that hypothesis, still if the jury believed defendant's testimony that he and plaintiff reached the intersection at the same time and disbelieved plaintiff in that respect, it might be that under some circumstances, plaintiff would have been entitled to a proper explanatory instruction to the effect that in determining whether the failure of plaintiff to have seen defendant's automobile as it proceeded across the intersection was a failure on plaintiff's part to exercise the highest degree of care, the jury could consider the law pertaining to right of way as set forth in instruction 3. In the present case, however, in order to find plaintiff contributorily negligent under instruction B the jury had to find a fact, viz., that plaintiff and defendant entered the intersection at approximately the same time, which, as above noted, precluded plaintiff's recovery in any event. It appears, therefore, that plaintiff was not prejudiced in any respect by the refusal of instruction 3.

Plaintiff contends the trial court erred in giving defendant's instruction B. That instruction was: "The court instructs the jury that if you find from the evidence that the plaintiff and the defendant both started into the intersection at the same time or at approximately the same time, and if you further find from the evidence that neither one saw the other crossing the intersection until it was too late to avoid a collision and if you further find that such failure to see each other constituted failure to exercise the highest degree of care and directly contributed to cause the collision, then you are instructed that both plaintiff and defendant were negligent and that neither one is entitled to recover from the other, and your verdict will be against both parties and you will not allow any damages to either."

Plaintiff says the foregoing instruction was "prejudicially erroneous because it told the jury that plaintiff was guilty of contributory negligence if she started across the intersection at the same time and failed to see defendant's vehicle." The supporting argument is that inasmuch as plaintiff had observed defendant approaching the stop sign at a decreasing speed, she reasonably was entitled to assume that defendant would respect the stop sign and stop, and thus, as we understand, as a matter of law, plaintiff could not have been guilty of any contributing negligence. Defendant's evidence was that plaintiff and defendant stopped at the intersection at the same

time and apparently started into the intersection at the same time, but neither saw the other after they had started until an instant before the collision. Certainly, under that evidence, a jury reasonably could have found that each was contributorily negligent for having failed to see the other in time for each to have avoided the collision.

Plaintiff next contends that the court erred in giving this instruction C:

"The court instructs the jury that even though you find from the evidence that defendant was partially blinded by the sun, nevertheless if you also find from the evidence that plaintiff was guilty of contributory negligence as set forth below, plaintiff is not entitled to recover against defendant.

"Therefore, if you find from the evidence that plaintiff, after stopping for the intersection and then starting forward, failed to notice defendant's automobile proceeding across said intersection and on a collision course with plaintiff's automobile, until defendant's automobile was approximately two feet from plaintiff's automobile and that if plaintiff had been exercising the highest degree of care in operating her automobile she would have seen defendant's automobile starting into the intersection and would have seen that a collision was going to take place between the two automobiles unless she stopped her automobile and that by the exercise of the highest degree of care in stopping plaintiff could have avoided the collision, and if you further find that plaintiff was thereby negligent and that such negligence directly contributed to cause the collision, then you are instructed that plaintiff is guilty of contributory negligence and your verdict will be in favor of defendant on plaintiff's claim, and you are instructed this is true even though you further find that defendant was himself negligent in not seeing plaintiff."

Essentially, instruction C submits about the same proposition submitted by instruction B except that it does not require any finding with respect to whether defendant did or did not stop at the intersection. There was evidence that plaintiff could have stopped within two or three feet and that she traveled at least nine or ten feet after she started from a stopped position before she reached the path of defendant's automobile. Plaintiff's contention seems to be that instruction C was erroneous because there was no evidence that she could have avoided the collision by stopping, i. e., even if she had stopped she would have been in the path of defendant's vehicle. It is apparent, however, that the jury reasonably could have found that if plaintiff had looked to her left as she started forward she undoubtedly would have seen defendant's automobile in a position which should have indicated to her that only by stopping could she avoid a collision and that she could have then stopped short of the path of defendant's car.

We should make clear that we have considered instructions B and C only in the light of the specific attacks made upon them by plaintiff and, by setting them forth and finding that plaintiff's particular attacks are not well taken, we do not necessarily recommend them for future use.

Plaintiff's final contention is that the trial court erred in refusing to grant a new trial on the ground that the verdict was against the weight of the credible evidence. Ordinarily we do not weigh the evidence in jury-tried cases. The credibility of the witnesses and the weight of the evidence were for the jury and it was for the trial court to say whether the jury's verdict was against the weight of the evidence. Nichols v. Bresnahan, 357 Mo. 1126, 212 S.W.2d 570, 572 [1–2]. It is only when there is complete absence of probative facts to support a verdict that we interfere. Siegel v. Ellis, Mo., 288 S.W.2d 932, 934 [1, 2]. Plaintiff has made no effort to demonstrate that there was a complete absence of probative facts to support the jury's verdicts.

Defendant's motion to dismiss the appeal or to affirm the judgment for plaintiff's

 

failure to comply with specified subsections of Supreme Court Rule 1.08, 42 V.A.M.S. is overruled.

The judgment is affirmed.

HOLMAN and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.