**Mary Lee DOISY, Appellant,**

v.

**Samuel E. EDWARDS, Respondent.**

**No. 51377.**

Supreme Court of Missouri,
Division No. 2.

Jan. 10, 1966.

Motion for Rehearing or to Transfer to Court En Banc Denied Feb. 14, 1966.

John D. Schneider, St. Louis, for appellant.

John J. Cole, Joel D. Monson, Heneghan, Roberts & Cole, St. Louis, for respondent.

PRITCHARD, Commissioner.

In this automobile collision case, tried October 27–30, 1964, the unanimous verdict of the jury and ensuing judgment of the trial court were against plaintiff on her $35,000 claim of damages for personal injuries, and against defendant on two counts of his counterclaim for damages for his personal injuries and loss of services of his wife. Plaintiff appeals, but defendant does not appeal, from the final judgment.

No issue of the submissibility is involved. One issue is the propriety of the giving of Instruction No. 6, at defendant's request, which permitted the jury to find against both parties. That instruction reads: "The Court instructs the jury that if you find and believe from the evidence that plaintiff was negligent as submitted to you in Instruction No. 4 and if you find and believe from the evidence that defendant was negligent as submitted to you in Instruction No. 1 and if you further find and believe that such negligence, if any, on the part of both plaintiff and defendant combined and concurred to directly and proximately cause the collision mentioned in evidence then you are instructed that neither party is entitled to recover against the other and your verdict shall be in favor of defendant with respect to plaintiff's petition and your verdict should be for plaintiff with respect to defendant's counterclaim."

The negligence of plaintiff as submitted in the referenced Instruction No. 4 is that she failed and omitted to operate her vehicle upon the right half of the roadway at a time when defendant's vehicle was approaching in close proximity from the opposite direction, and that defendant was thereby caused to attempt to stop his vehicle which was caused to slide and to pass the center line of the highway and into plaintiff's vehicle.

Instruction No. 1, as referenced in the above Instruction No. 6, submitted defendant's negligence in driving his automobile across the center line of the highway onto its northbound half and into collision with plaintiff's vehicle.

Plaintiff contends that Instruction No. 6 is erroneous in that it directed a verdict based on conflicting and inconsistent theories of the case; that it misdirects and misled the jury and is a misstatement of the law in that it affirmatively submits mutually exclusive propositions that the jury find the defendant negligent "as submitted in Instruction No. 1," and simultaneously find the plaintiff negligent "as submitted in Instruction No. 4."

The collision, March 23, 1963, occurred in the northbound lane of Highway 21, and 3.8 miles south of Highway 141 in Jefferson County, Missouri. The highway, being concrete, has two lanes each eleven feet wide and separated by a center line. Gravel shoulders ten feet wide are on each side of the roadway. At the point of collision the road is straight for 1,000 feet between a curve and the top of the hill to

the north. The day was clear and the pavement was dry.

Plaintiff's version of the facts are these: She was driving northward from Ironton, Missouri, to her home in St. Louis, in her husband's 1957 Mercury automobile. Within a mile or two of the scene of the collision she had been driving about 60 miles per hour on the winding highway. Shortly before the accident she came to a long curve turning to her right, at which time she met and passed a car going to the south. She saw defendant's car, generally going southbound on the other side (its own) of the road, but did not notice it any more than its being driven in the opposite direction, until defendant pulled across the center line at an angle. Plaintiff's car was then on her right-hand side of the road, and in the center of her lane. At the time she saw defendant starting to come across the center line about 100 feet (possibly 300 feet) separated the front ends of the vehicles. Defendant's speed, as fast as her own, was between 50 and 60 miles per hour. Plaintiff pulled over, off the road, and to her right when she first saw defendant's car coming over the center line. Defendant's car struck her with its center front end at about the center of her left front wheel, at which time her car was off the right-hand side of the road. Plaintiff had increased her speed to get around defendant's car. She did not observe any speed change of defendant.

Robert E. Doney, Highway Patrolman, testified that defendant's car was a 1960 Chevrolet. He found skid marks approximately 33 feet long, beginning in the southbound lane of the Chevrolet (just north of its final crosswise position in the road), and which extended into the northbound lane at approximately a thirty degree angle. These skid marks were straight, beginning to end, without any sudden swerving or turning thereof. He found the vehicles 200 or 300 feet south of the top of the hill.

The admissions against interest of defendant in his deposition were read in evidence that his automobile was in good working condition prior to the collision; its brakes were good and held evenly; and the tires had tread and were good. He admitted further that the two vehicles came together on plaintiff's side of the road.

Defendant's version of the facts, testified at the trial by him, is as follows: When he first saw plaintiff's car it was in the middle of the curve at which time he was approximately 500 or 600 feet from her, and when each car was in its own lane. Both vehicles were then traveling 45 to 50 miles per hour. He testified: "She came out of the curve; instead of straightening up with the road, just gradually went off to the shoulder, and then back on the highway straight ahead in my lane." When he saw her cross the white line his foot came off the gas, reducing his speed 5 miles per hour. She continued coming toward him, and he saw her head move from behind the steering wheel and her right hand go out; and he saw the front end of her car raise up—he "figured she hit the gas." That was when "he went for the brake" to try to hold his car to let her get out of the way. 250 to 300 feet then separated the cars. When he hit the brake, his car went into a straight slide, gradually to the left, and the headlights of the cars came together. Her speed was then 65 miles per hour, his speed 8 miles per hour.

Beulah Edwards, defendant's wife, was riding with him in the right front seat. She testified that she saw plaintiff's car beyond the curve on her own side before the accident. Defendant was then going 55 miles per hour. When plaintiff came around the curve, right at its north end, Mrs. Edwards saw plaintiff's automobile go off the highway and onto defendant's side of the highway across the center line and all the way to the curb. Defendant was 75 feet away from plaintiff when he applied his brakes.

Plaintiff argues that "Instruction No. 6 curiously directs a verdict against both parties in the event the jury finds in *favor* of both parties." (Our emphasis.) We do not so construe the instruction. It directs a verdict against each party on their respective claims if the jury finds each to be negligent on the referenced hypothesized facts in Instructions Nos. 1 and 4 (i. e., if both are negligent neither can recover). We have not found a case, nor have we been cited to any, where such an instruction, involving a counterclaim, has come under appellate court scrutiny. Analogous, however, are some cases involving the contributory negligence of a plaintiff, wherein the negligence of a defendant in that affirmative defense is presupposed. Such a case is Hornstein v. United Rys. Co. of St. Louis et al., 97 Mo. App. 271, 70 S.W. 1105. There, a judgment for plaintiff was reversed because of erroneous refusal to give defendant's instruction, loc. cit. 70 S.W. 1107: "If you believe from the evidence that the injury to the plaintiff was caused by the joint, mutual, and concurring negligence of plaintiff and defendants' agents in charge of the car, and that the negligence of neither, without the concurrence of the negligence of the other, would have caused said injury, then the plaintiff is not entitled to recover, and your verdict must be for the defendants." Tillman v. St. Louis Transit Co., 102 Mo.App. 553, 77 S.W. 320, 321 [3], had a like ruling. See also Rodgers v. St. Louis Transit Co., 117 Mo.App. 678, 92 S.W. 1154, 1156; and Schaabs v. Woodburn Sarven Wheel Co., 56 Mo. 173, 174, where a "both parties negligent" instruction (approved by the court) was given against plaintiff's claim. At page 176 the court said, "No one can recover for an injury of which his own negligence in part or in whole was the immediate and proximate cause"; Brown v. Parker, Mo.App., 375 S.W.2d 594.

The referenced instructions do not present mutually exclusive propositions, nor does the belief in one set of findings dispel the belief in the other as contended. The referenced instructions do not require a finding that the collision occurred in opposite lanes of travel, which, if so, would necessitate a finding that it occurred in *both* lanes, and which would obviously be mutually exclusive. It is conceded that the collision occurred in plaintiff's lane. The hypothesized facts in both Instructions Nos. 1 and 4 present separate theories of negligence, both of which, if believed by the jury as apparently was the case, would justify a finding that both parties were concurrently negligent, and the same would defeat both claims. Nor are these theories and the evidence of the parties at war with one another. They present two sets of facts, showing concurrent causation, which, if believed, defeat each claim. The "at war" rule is simply where a *plaintiff*, having one theory presented by positive testimony, cannot recover on a theory supported only by the defendant's evidence which is directly contrary thereto. Miller v. Riss & Co., Mo., 259 S.W.2d 366, 370 [2, 3]; Elliott v. Wescoat, Mo., 336 S.W. 2d 649, 651 [1, 2]. The instruction does not predicate a finding upon inconsistent or irreconcilable facts as was the case in Shaw v. Griffith, Mo.App., 291 S.W.2d 230, 236 [7]. Plaintiff's Point I, attacking Instruction No. 6 on the aforesaid grounds, is ruled against her.

Plaintiff's Point II is that the court erred in excluding testimony that defendant had been drinking. Patrolman Doney testified before the court and outside the hearing of the jury that he recalled he smelled liquor on defendant's breath—it smelled like beer. It was not known whether defendant's faculties were impaired or not, and the only thing he noted on the report of accident was that defendant had been drinking. There was no evidence that defendant's drinking had anything to do with the collision. There was no evidence showing erratic driving by defendant or any other circumstance from which it might be inferred that defendant had an impaired physical condition at the time of

the collision. Under Cheatham v. Chartrau, 237 Mo.App. 793, 176 S.W.2d 865, 868 [1]; and Boehm v. St. Louis Public Service Company, Mo., 368 S.W.2d 361, 372, such evidence would have been admissible if coupled with other evidence tending to show that defendant was under the influence of intoxicating liquor. That other evidence is lacking and the trial court did not err in excluding the testimony of Patrolman Doney. Blashfield, Cyclopedia of Automobile Law and Practice, Vol. 9C, §§ 6185, 6186, p. 273 et seq. Point II is overruled.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.