**Jean RIEKE and Maynard F. Rieke, Plaintiffs-Appellants,**

v.

**Mark L. BRODOF, Defendant-Respondent.**

**No. 34558.**

Missouri Court of Appeals, St. Louis District.

Oct. 16, 1973.

 

SIMEONE, Judge.

Action for damages arising out of an intersection collision. The suit was in two counts—1) for injuries sustained by plaintiff Jean Rieke (wife) and 2) for medical expenses, loss of consortium and property damage by the plaintiff-husband, Maynard F. Rieke. A jury rendered verdict in favor of the defendant-respondent, Brodof, on both counts of plaintiffs' petition. Judgment was entered on the verdict.

Plaintiffs appeal from the judgment of the circuit court of St. Louis County on two grounds: 1) the trial court erred in giving Instruction No. 5[1] because the instruction in paragraph Third failed to use the proper name of the plaintiff Jean Rieke and failed to use the plural "plaintiffs", and 2) that there was no substantial evidence to submit, in the contributory negligence instruction, failure to keep a careful lookout or failure to stop or sound a warning.

We have read the entire transcript, the briefs and all cases cited by counsel for both parties and, in accordance with the rule that the evidence is to be considered in the light most favorable to the verdict, conclude the following:

1) The instruction was not prejudicially erroneous. In this action by a wife for personal injuries and her husband's derivative action,[2] the instruction was not prejudicially erroneous. To make every deviation erroneous would be to "set the standard above that required in the practical administration of justice." Wegener v. St. Louis County Transit Compa-

Raymond A. Bruntrager, St. Louis, for plaintiffs-appellants.

Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, St. Louis, for defendant-respondent.

1. "INSTRUCTION NO. 5
Your verdict must be for the defendant Mark Brodof on the claims of both Jean Rieke and Maynard F. Rieke if you believe:
First, plaintiff Jean Rieke either: failed to keep a careful lookout, or plaintiff knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have stopped, or sounded a warning, but Plaintiff failed to do so; and
Second, plaintiff Jean Rieke's conduct, in any one or more of the respects submitted in paragraph First was negligent; and

Third, such negligence of plaintiff [Jean Rieke] directly caused or directly contributed to cause any damage plaintiff[s] may have sustained."

2. The well established rule is that a husband's right to recover for loss of services of his wife is derivative only, so that if she has no valid claim for personal injuries, he is likewise without right to recover special damages flowing therefrom. Elmore v. Illinois Terminal Railroad Company, 301 S.W.2d 44, 47 (Mo.App.1957); Huff v. Trowbridge, 439 S.W.2d 493, 498 (Mo.1969); Annot, 21 A.L. R.3d 469 (1968).

**68**

ny, 357 S.W.2d 943, 949 (Mo. banc 1962); See Johnson v. West, 416 S.W.2d 162 (Mo.1967); Gormly v. Johnson, 451 S.W.2d 45 (Mo.1970). Absolute perfection is not the test. The test is whether the instruction is substantially correct. We are not convinced that the jury was misled or confused in this case.

 2) The evidence in support of the jury verdict for the defendant is not insufficient. There was sufficient evidence for the jury to conclude that plaintiff, Jean Rieke, failed to keep a careful lookout, and that she failed to stop or sound a warning and had the means, ability, time and distance to have avoided the collision. Kratzer v. King, 401 S.W.2d 405 (Mo.1966).

3) That a lengthy opinion in this cause would have no precedential value.

We therefore affirm the judgment of the trial court. The parties had a fair and impartial trial; we find no error. Rule 84.16, V.A.M.R.

The judgment is affirmed.

DOWD, C. J., and WEIER, J., concur.