**Alerd S. HAWKINS, d/b/a Hawkins Electronics, Plaintiff-Respondent,**

v.

**GREAT CENTRAL INSURANCE COMPANY, An Illinois Corporation, Defendant-Appellant.**

**No. 35159.**

Missouri Court of Appeals,
St. Louis District,
Division One.

April 9, 1974.

Rehearing Denied May 14, 1974.

Gregory D. O'Shea, St. Louis, for plaintiff-respondent.

Amelung, Wulff & Willenbrock, St. Louis, for defendant-appellant.

PER CURIAM.

This is an action on a policy of burglary insurance issued by Great Central Insurance Company to Alerd S. Hawkins, d/b/a Hawkins Electronics in Arnold, Missouri. This "multi-peril" policy was issued to Hawkins on November 25, 1968 for a total premium of $1,968.00 for three years and

was in force in November, 1971. Attached to the policy was a burglar alarm warranty which provided "In consideration of the premium charged, it is hereby agreed that the insured will maintain and keep in proper working order and connected at all times when the premises are not open for business while this policy is in force, an approved Burglar Alarm system, which protects the screens . . . all accessible windows, and all doors . . . and is connected with an outside central station or an alarm gong on the outside of the premises *Local Gong*. . . ."

A "contact" system was installed and approved by agents of the defendant Great Central.

On or about November 18, 1971, Hawkins' store was broken into by "jumping" the system and some $4,280.62 of merchandise taken. Hawkins made an inventory, reported the loss to the insurance agent, and eventually received a communication from the company which denied coverage because "It is necessary that the burglar alarm sound before any merchandise loss, which is taken from your place of business occasioned by burglary to be covered under your Great Central Policy. . . ."

The defendant's defenses consisted of (1) that the plaintiff did not comply with the conditions of the warranty, in that the burglar alarm did not sound, and (2) a settlement was reached by the parties in the amount of $1,500.00 which was paid to plaintiff or his attorney.

Eventually the cause was tried to the court and jury. Judgment was rendered for Hawkins in the amount of $3,000.00 under the policy, $240.00 interest, $300.00 penalty and $500.00 attorney fees.

Motion for judgment in accordance with a motion for directed verdict and motion for a new trial were both overruled. Great Central appealed. It urges that the plaintiff failed to make a submissible case

and there were certain errors in the instructions given by the court. We affirm.

■ There is no doubt that plaintiff made a submissible case under the allegations of the petition. Taking the evidence in the light most favorable to plaintiff, it disclosed that there was a policy in force, an approved burglar alarm system was installed, the alarm system was checked prior to the burglary, the burglars "jumped" the system, a loss occurred and plaintiff performed the conditions necessary to recovery. The defense that the burglar alarm must sound before the policy becomes effective is not, as defendant contends, the test. The test is whether there is, as the warranty states, an approved burglar alarm system maintained, and kept in proper working order and connected.

■ The instructions, while not perhaps perfect in all respects, were substantially correct. Absolute perfection is not the test. Rieke v. Brodof, Mo.App., 501 S.W. 2d 66. Furthermore, taking the evidence most favorable to the defendant, the evidence did not support a finding that the plaintiff "did not comply with the conditions of said warranty" for the reason that the defense that the alarm must sound before the policy becomes effective is not a legal, valid defense. Plaintiff's evidence indicated that the alarm was approved, armed and in working order. There was no evidence to refute this contention. Nor did the evidence support a finding that plaintiff and defendant "agreed to settle plaintiff's claim against defendant." Even the testimony of the agent was "we never discussed settlement." Hence, since appellant was not under the circumstances entitled to the "affirmative defenses", there was no prejudicial error in the instructions given.

We have read the entire transcript, examined all of the exhibits furnished us, read the briefs and decisions cited by the parties and conclude: (1) the judgment rendered by the trial court was supported

by the evidence, (2) the evidence did not show a "settlement" was reached by the parties,[1] (3) the instructions were not prejudicially erroneous and were supported by the evidence, (4) that a detailed recitation of all the facts would serve no useful purpose for the disposition of this cause, and (5) that a lengthy opinion would have no precedential value. We are convinced that there was no error "materially affecting the merits of the action." Rules 84.13 and 84.16, V.A.M.R.

The judgment is affirmed.

All the Judges concur.

1. The record indicates that plaintiff or his attorney has a check in the amount of $1500.- 00. Of course, we presumed that this would be returned or credited to the judgment.