**Donald STEINHOFF, Janet Steinhoff and Laurence Hobin, Respondents,**

v.

**Jimmy Dale ROLEN, Respondent,**

**Missouri Highway and Transportation Commission, Appellant.**

No. 69944.

Missouri Court of Appeals,
Eastern District,
Division Five.

March 25, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 14, 1997.

Application to Transfer Denied
June 17, 1997.

Zachary T. Cartwright, Rich Tiemeyer, Jefferson City, for appellant.

Michael D. Stokes, Devereaux, Stokes & Nolan, Gary Growe, St. Louis, for respondents.

AHRENS, Chief Judge.

Appellant, Missouri Highway and Transportation Commission (MHTC), appeals from a judgment entered against it for damages for personal injuries arising from an automobile accident. We reverse and remand.

On October 31, 1990, Donald Steinhoff, Laurence Hobin, and Jimmy Rolen (respondents), employees of Grey Eagle Distributors, were traveling westbound on Interstate 70 in St. Louis County in a Grey Eagle tractor-trailer. Rolen was driving the vehicle and Steinhoff and Hobin were passengers. Steinhoff testified that, as they approached the Florissant Road overpass, a car cut in front of the tractor-trailer, forcing Rolen to slam on the brakes. As a result, the tractor-trailer went into a skid and jackknifed into the center lane. The tractor-trailer was then struck by another tractor-trailer owned by Churchill Truck Lines. Respondents were all injured in the accident.

Respondents each sought judgment against MHTC because, they argued, uneven pavement on the overpass contributed to the accident. After a trial on the merits, the jury returned verdicts assessing 100% of fault to MHTC and awarded damages to Steinhoff, Hobin, and Rolen in the amounts of $300,000, $400,000, and $700,000, respectively. This appeal followed.

In its first point on appeal, MHTC claims that the trial court erred in excluding evidence of Rolen's blood alcohol level. Respondents argue, however, that the trial court properly excluded the evidence because there was no showing that the blood alcohol evidence was coupled with evidence of erratic driving and because MHTC's offer of proof failed to show that the blood alcohol test complied with the Missouri implied consent law, § 577.029, RSMo 1994. Based on the Missouri Supreme Court's recent decision in *Rodriguez v. Suzuki Motor Corp.*, 936 S.W.2d 104 (Mo. banc 1996), and this court's recent decision in *State v. Todd*, 935 S.W.2d 55 (Mo.App. 1996), we grant this point in favor of MHTC.

In *Rodriguez*, our supreme court overruled *Doisy v. Edwards*, 398 S.W.2d 846 (Mo.1966), and its progeny. Under *Doisy*, evidence of a party's alcohol consumption was admissible only when coupled with evidence of erratic driving or with any other circumstance from which it might appear that a party had an impaired physical condition at the time of the collision. *Doisy*, at 849–50. Under the holding in *Rodriguez*, this standard is no longer applicable. The new standard for parties in civil cases is that evidence of alcohol consumption is now admissible, if otherwise relevant and material, regardless of whether the evidence of con-

sumption is coupled with other evidence of impairment. *Rodriguez*, 936 S.W.2d at 108. This standard applies in two situations: (1) when intoxication is not alleged as an independent act of negligence, the evidence of drinking may be part of the proof of other alleged negligent acts; and (2) when intoxication is alleged as an independent act of negligence. *Id.* at 108. Any prejudicial effect of admitting this evidence in the first situation may be countered by a limiting instruction which emphasizes the limited purpose of the evidence. *Id.* at 108.

■ We find that, in this case, the evidence of alcohol consumption was relevant and material to show Rolen's alleged sensory deficits and comparative fault. We further find the evidence relevant and material to show Steinhoff and Hobin's comparative fault in riding with an allegedly intoxicated driver.

In *Todd*, this court held that Missouri's implied consent law is not the exclusive means to admit blood alcohol test results. *Todd*, at 58. The defendant's blood test in *Todd* was performed as part of his medical diagnosis and treatment, and not at the request of a law enforcement officer, nor for the purpose of litigation. *Id.* at 58–59. This court stated that "the requirements for performance of the blood alcohol tests, set forth in § 577.029, RSMo 1986, apply to licensed physicians, registered nurses, or trained medical technicians 'acting at the request and direction of the law enforcement officer.'" *Id.* Therefore, "the requirements and protection provided by the implied consent law do not apply to all blood tests offered as evidence but only those offered pursuant to Chapter 577." *Id.* In the present case, there was no evidence that Rolen's blood was taken at the request of a law enforcement officer, and the test results were not offered under Chapter 577.

The blood alcohol evidence is therefore admissible if it meets the requirements of the Uniform Business Records Act. *Id.* at 59. Under the Uniform Business Records Act, § 490.680, RSMo 1994:

[a] record of an act, condition or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.

In excluding this evidence, the trial court did not reach the question of admissibility as a business record. On remand, the trial court shall determine whether this evidence is admissible under the Uniform Business Records Act. Point granted.

In its second point, MHTC contends that the trial court erred in refusing to strike a biased juror. In light of our holding in MHTC's first point, we need not address this contention.

In its third point, MHTC argues that the trial judge abused her discretion by excluding experimental evidence of skid testing performed by MHTC's expert. MHTC argues that the evidence was not offered as a reconstruction of the accident and that the tests were relevant to demonstrate the testimony of MHTC's expert and to rebut the opinion of respondents' expert. We address this point because it is likely to arise on retrial.

■ The admissibility of experimental evidence is within the discretion of the trial court and the court's ruling will not be disturbed on appeal absent a clear abuse of discretion. *Turner v. Fuqua Homes, Inc.*, 742 S.W.2d 603, 613 (Mo.App.1987). Experimental evidence is admissible if the experiment was conducted under conditions substantially similar to the actual conditions which existed at the time of the occurrence of the suit. *Heifner v. Synergy Gas Corp.*, 883 S.W.2d 29, 35 (Mo.App.1994). The conditions, however, need not be identical. *Id.*

■ In this case, the vehicle involved in the accident was a three-axle tractor-trailer. The test vehicle was a two-axle flatbed wrecker. The test vehicle's brake system was different from the tractor-trailer's brake system. Furthermore, the test vehicle was not capable of jackknifing. The road on which the experiment was performed had

one patched area that extended across the entire lane. The road on which the accident occurred had many uneven patches which did not cover the entire lane. In light of these differences, we hold that the trial court did not abuse its discretion by excluding the skid testing evidence. Point denied.

In MHTC's final point on appeal, it argues that the trial court erred in denying its motion to transfer venue from St. Louis City to St. Louis County. In order to address this point, some procedural history of this case is required.

On November 7, 1991, Steinhoff filed his original petition naming Atlantic Mutual Insurance Company, Farmers Insurance Company, and Churchill Truck Lines as defendants. Venue was proper in St. Louis City because defendant Churchill was a corporation which maintained offices for the transaction of business in the city of St. Louis. § 508.040, RSMo 1994. On July 7, 1993, Hobin filed his original petition, naming Rolen as the sole defendant. Venue was proper in this case because defendant Rolen was an Illinois resident. § 508.010, RSMo 1994. Thereafter, Hobin filed a First Amended Petition naming Rolen and MHTC as defendants and Steinhoff filed a Second Amended Petition also naming Rolen and MHTC as defendants. MHTC filed motions to dismiss or to change venue in both cases. Both Hobin and Steinhoff voluntarily dismissed their claims against MHTC before rulings were made on MHTC's motions.

Rolen then filed third-party petitions seeking indemnity and contribution by MHTC in both cases. MHTC filed a motion to dismiss, challenging the trial court's subject matter jurisdiction over contribution claims against the state. MHTC also filed a motion to consolidate the two cases. MHTC's motion to dismiss was denied, but the trial court granted the motion to consolidate. Hobin and Steinhoff then refiled their claims against third-party defendant MHTC. Rolen also filed a direct claim against MHTC. MHTC subsequently filed a motion to transfer venue in the now consolidated case.

MHTC argues that venue was improper under two theories: (1) venue is to be determined as a case stands when brought, and when Steinhoff and Hobin initially "brought" their actions against MHTC, venue was improper; and (2) the limited waiver of sovereign immunity under § 537.600, RSMo 1994, does not apply to claims for contribution, and, therefore, the trial court should have dismissed Rolen's contribution claim for lack of subject matter jurisdiction. Had Rolen's claim been properly dismissed, MHTC argues, venue for respondents' direct claims would have been improper in St. Louis City because the court would not have obtained ancillary venue through Rolen's contribution claim. Because we hold that sovereign immunity applies to contribution claims in Missouri, we need not consider MHTC's first theory.

The right of the sovereign to immunity from suit has long been recognized in Missouri. *Beatty v. Metro. St. Louis Sewer Dist.*, 914 S.W.2d 791, 796 (Mo. banc 1995). The general rule of sovereign immunity is that a sovereign may not be sued without its consent. *Fort Zumwalt School Dist. v. State*, 896 S.W.2d 918, 923 (Mo. banc 1995). Statutory provisions that waive sovereign immunity must be strictly construed. *State ex rel. Missouri Highway and Transp. Comm'n v. Appelquist*, 698 S.W.2d 883, 888 (Mo.App. 1985).

Section 537.600, RSMo 1994, waives sovereign tort immunity for certain claimants to collect compensatory damages for injuries resulting from the negligent operation of motor vehicles or dangerous conditions on public property. A contribution claim is a separate and distinct cause of action from a tort claim. *Rowland v. Skaggs Cos., Inc.*, 666 S.W.2d 770, 773–74 (Mo. banc 1984). In light of this, we find that the limited waiver of sovereign tort immunity in § 537.600, does not apply to contribution claims. We are precluded from making extensions beyond this limited waiver. *State ex rel. Missouri Dep't of Agric. v. McHenry*, 687 S.W.2d 178, 182 (Mo. banc 1985).

Furthermore, the purpose of § 537.600 is to benefit those persons directly injured by the negligence of the state. In his initial third-party petition, Rolen did not seek compensation for his injuries. Instead, he

**520**

sought contribution from MHTC, as an alleged joint tortfeasor, for any amount paid in excess of his proportionate share of fault. Rolen's action for contribution was not in furtherance of the statutory purpose of § 537.600, which is to enable persons to recover damages for injuries resulting from the negligent operation of motor vehicles or dangerous conditions on public property. The trial court erred in denying MHTC's motion to dismiss for lack of subject matter jurisdiction.

We, therefore, remand with directions for the trial court to dismiss Rolen's third-party contribution claim. Venue for respondents' direct claims would have been improper in St. Louis City because tort claims against MHTC may be brought in either Cole County or the county where the accident occurred. *Govero v. Kehm*, 850 S.W.2d 100, 102 (Mo. banc 1993). Because the trial court could not obtain ancillary venue through Rolen's contribution claim, the trial court also erred in denying MHTC's motion to transfer venue. Since this accident occurred in St. Louis County, on remand, the trial court is directed to transfer venue in the direct claims against MHTC to either Cole County or St. Louis County. § 476.410, RSMo 1994.

The case is reversed and remanded to the trial court for further proceedings consistent with this opinion.

KAROHL and RHODES RUSSELL, JJ., concur.