**RITTER LANDSCAPING, INC.,**
**Plaintiff/Respondent,**

v.

**Philip D. MEEKS and Meeks, Boehme &**
**Associates, Inc., Defendants/Appellants.**

No. 70040.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 3, 1997.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 29, 1997.

Application to Transfer Denied
Sept. 30, 1997.

Goffstein, Raskas, Pomerantz, Kraus, Sherman, Ruthmeyer & Susman, L.L.C., Sanford Goffstein, Lori R. Koch, St. Louis, for Defendants/Appellants.

Thompson Coburn, James R. Keller, St. Louis, for Plaintiff/Respondent.

PUDLOWSKI, Judge.

Ritter Landscaping, Inc. (plaintiff) brought an action against Philip Meeks and Meeks, Boehme and Associates (defendant)[1] for negligence and negligent misrepresentation alleging that defendant negligently failed to procure or obtain proper flood insurance coverage for plaintiff. As a result of said failure of coverage, plaintiff alleged it sustained flood damage in the sum of $446,215.30.

Defendant denied he was negligent in not obtaining flood insurance coverage. Further, defendant disputed the amount of equipment damages, contended the claim for lost income was inflated and maintained seventeen tractors were, in fact, not damaged. After trial, the jury returned a verdict in favor of plaintiff in the sum of $100,000 and the trial court entered judgment in favor of plaintiff consistent with the jury verdict.

Thereafter, plaintiff filed a motion to amend the judgment to include prejudgment interest. This motion was granted and on January 9, 1996, the court entered an amended judgment in favor of plaintiff for $135,433 and costs. The amount represents the jury verdict and the judge's assessment of prejudgment interest. Defendant appeals from the portion of the amended judgment awarding prejudgment interest.

Before we address defendant's assertion of trial court error, we will consider plaintiff's contention that we do not have jurisdiction to hear this appeal because the defendant failed to file his appeal on time. The plaintiff's contention is denied.

■ The record reveals the trial court entered the original judgment on December 18, 1995. Thereafter, plaintiff filed a motion to amend the judgment. The court granted the motion and entered an amended judgment on January 9, 1996, which included the award for prejudgment interest.

■ A trial court retains control over its judgments during the thirty day period after entry of judgment and may amend the judgment during this duration. (*See* Rule 81.05). When an amended judgment is entered during the thirty day duration, "the effect of the amendment is to enter a new judgment." *Tice v. Tice,* 850 S.W.2d 419, 420 (Mo.App. S.D.1993); *Moyer v. Walker,* 771 S.W.2d 363, 365 (Mo.App.1989); *Daniels v. Daniels,* 675 S.W.2d 29, 32 (Mo.App.1984). Here, the amended judgment was not final until February 8, 1996 and defendant's notice of appeal of February 16, 1996 was timely. We, therefore, have jurisdiction.

Defendant claims in his first point of error prejudgment interest is not recoverable in tort claims. His second point asserts that prejudgment interest cannot be awarded on unliquidated claims.

■ The general rule is that prejudgment interest is not allowed in tort cases. *Vogel v. A.G. Edwards & Sons, Inc.,* 801 S.W.2d 746, 757 (Mo.App. E.D.1990). But, like all general rules in law, this rule has exceptions. *Id.* at 757. One of the exceptions is where the defendant's tortious conduct confers a benefit upon the defendant, prejudgment interest may be recovered by the plaintiff on his claim. *Crawford v. Smith,* 470 S.W.2d 529, 533 (Mo.1971). Also, § 408.040.2 RSMo (1994) allows prejudgment interest on tort claims when "a demand for payment has been made," and the "amount of the judgment or order exceeds the demand for payment."

"Where defendant's tortious conduct confers a benefit upon the defendant, prejudgment interest can be recovered by plaintiff on his claim." *Vogel,* 801 S.W.2d at 757. In *Vogel,* the court awarded prejudgment interest on a claimed breach of fiduciary duty,

---

1. For sake of simplicity, "defendant" will be used in reference to two defendants.

where plaintiff's broker earned commissions as a result of his "churning accounts." *Vogel*, 801 S.W.2d at 757. It was the broker's tortious conduct, i.e., churning the accounts, which produced the commissions which resulted in a benefit to himself. However, in the case sub judice, defendant did not derive any benefit from his failure to obtain the flood insurance coverage.

The plaintiff urges us to consider § 408.040.2 as an exception to the general rule. We disagree. A literal reading of the statute prevents an award of prejudgment interest. ·The judgment in this case was extremely less than the claimed amount of damages. Neither the statute nor any exception is applicable to the facts of this case.

Defendant's second point on appeal asserts that prejudgment interest cannot be awarded on unliquidated claims. This court recently opined in *Unlimited Equip. Lines v. Graphic Arts*, 889 S.W.2d 926, 942 (Mo.App. E.D. 1994) that the general rule is that prejudgment interest is not recoverable on an unliquidated demand but Missouri courts have subjected this rule to various interpretations and exceptions. The court continued and said the Missouri courts recognized an exception when the amount of damages is ascertainable by computation or any recognized standard and concluded that in that case the damages were readily ascertainable by a recognized standard.

In *Fohn v. Title Insurance Corp. of St. Louis*, 529 S.W.2d 1, 5 (Mo. banc 1975) our Supreme Court set aside an award of prejudgment interest, because the plaintiff's claim was unliquidated. The court denied the award on the idea that where the person liable does not know the amount he owes, he should not be considered in default because of failure to pay.

*Swift Transp. Co., Inc. v. Swearengin*, 709 S.W.2d 130 (Mo.App.1986) citing *Fohn*, denied a claim for prejudgment interest where the parties disputed the damage amount and whether or not defendant was liable under a lease agreement.

We think the logic of *Swift* is directly applicable. In the instant case, the parties dispute whether defendant is liable to pay under the insurance contract because defendant is an insurance broker, rather than an insurance company. The parties dispute the amount of damages to be applied and the method used to calculate those damages. Furthermore, the parties dispute which items are damaged. Therefore, there was no readily ascertainable method by which defendant could be aware of the amount he owes.

Plaintiff in rebuttal asserts that if damages are readily ascertainable by mathematical computation, then an award of prejudgment interest will be allowed. *Ehrle v. Bank Bldg. & Equipment Corp. of America*, 530 S.W.2d 482 (Mo.App.1975). In *Ehrle*, the mathematical calculation used was found under a disability program, and the parties agreed to the method of computation. Here, there is no such available computation or agreement.

Given the circumstances of this case we find the trial court erred in the award of prejudgment interest. We reverse and remand to the circuit court to enter judgment in accordance with this opinion.

CRANE, P.J., and GERALD M. SMITH, J., concur.