**UNION PACIFIC RAILROAD COMPANY, Plaintiff/Respondent,**

v.

**CARRIER CONSULTANTS, INC., f/k/a PST, Inc., Defendant/Third–Party Plaintiff/ Appellant,**

v.

**MISSOURI DEPARTMENT OF PUBLIC SAFETY, Third–Party Defendant/Appellant.**

Nos. 72726 to 72728.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 9, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 6, 1998.

Theodore A. Bruce, Jefferson City, for appellant Mo. Dept. Public Safety.

Rabbitt, Pitzer & Snodgrass, P.C., Steven J. Hughes, Craig A. Hansel, St. Louis, for Carrier Consultants, Inc.

Thompson Coburn, J. Powell Carman, Michael M. Godsy, St. Louis, for Union Pacific Railroad Company.

KAROHL, Judge.

We review three appeals of a judgment awarding plaintiff, Union Pacific Railroad Company (Union Pacific), property damages of $184,774. The judgment entered a jury verdict against defendant and third-party plaintiff, Carrier Consultants, Inc., f/k/a PST, Inc. (CCI), and third-party defendant, Missouri Department of Public Safety (Department). The jury apportioned 50% fault to CCI and 50% fault to Department in a collision between Union Pacific's train and CCI's tractor-trailer.

Department argues the trial court erred in denying its motion for judgment notwithstanding the verdict. It contends it is shielded by sovereign immunity and, in the alternative, it breached no duty owed to Union Pacific. CCI argues instruction errors. Union Pacific argues the trial court erred in denying pre-judgment interest on its damages.

On March 4, 1991, a collision involving Union Pacific's train and CCI's flatbed tractor-trailer occurred at the Algoa Road railroad crossing near Jefferson City, Missouri. The truck was hauling an armored personnel carrier. The loaded truck weighed 84,000 pounds. The load was over-width and over-weight. The trailer had an eight-inch ground clearance. The trailer "high centered" or lodged on a hump in the road when the driver failed to ease across the railroad track. A four-foot section of the trailer frame was in contact with the pavement. The trailer was stuck and the tractor could not pull it forward or back it off. Approximately six minutes later, a westbound Union Pacific train struck the truck and its load.

Before the jury trial, the court entered partial summary judgment and ruled Union Pacific's conduct played no part in causing the collision. That judgment is not contested.

The Department is an agency of the State of Missouri and normally entitled to sovereign immunity. *Steinhoff v. Rolen*, 945 S.W.2d 516, 519 (Mo.App. E.D.1997). CCI's third-party claim against Department is a claim for contribution. We held contribution is not a tort claim and "the limited waiver of sovereign tort immunity in section 537.600 does not apply to contribution claims." *Steinhoff*, 945 S.W.2d at 519. The judgment against Department is reversed.

CCI contends our decision in *Steinhoff* is unavailable to Department because: (1) its amended motion for judgment notwithstanding the verdict was not filed within the time prescribed by Rule 72.01(b); and, (2) *Steinhoff* was decided one month after the judgment in this case was entered and should not be applied retroactively.

To be final, a judgment must be: (1) in writing; (2) signed by the judge; (3) denominated "judgment"; and, (4) filed. *In re Estate of Keathley*, 934 S.W.2d 611, 614 (Mo. App. E.D.1996). The trial court judgment was undated, but was stamped as filed with the circuit clerk on April 15, 1997. The notice of appeal filed by CCI refers to the

date of judgment as "04/15/97." Department, citing *Steinhoff*, filed an amended motion for judgment notwithstanding the verdict on April 30, 1997. The certificate of service in the copy provided to this court certifies a mailing of the amended motion on April 16, 1997. Rule 72.01(b) allows such motions if filed within thirty days of the judgment. The motion was timely.

In addition, *Steinhoff* was not applied retroactively. It was decided on March 25, 1997, prior to final judgment in this case. We also reject the claim that our holding in *Steinhoff* significantly changed the law and established a new principle of law by overruling clear past precedent. There is no legal authority to support CCI's argument that the law prior to *Steinhoff* would have permitted a conclusion that sovereign immunity may be waived on a contribution claim. On the contrary, the principle authority relied on by this court in *Steinhoff* is *Rowland v. Skaggs Cos., Inc.*, 666 S.W.2d 770, 773–74 (Mo. banc 1984). Thus, *Steinhoff* adopted and did not change the existing law.

Next, defendant CCI, argues for a remand with a new trial because the court gave two improper and prejudicial instructions. It contends the trial court erred when it adopted Union Pacific's Instruction No. 7, which CCI describes as a withdrawal instruction, and Union Pacific's Instruction No. 9, the verdict directing instruction.

■ Instruction No. 7 is a non-MAI instruction. Union Pacific contends that it is a "cautionary" instruction, not a withdrawal instruction and was needed to limit jury deliberations by foreclosing any consideration of Union Pacific's conduct on the issue of damages. The instruction submitted was:

### INSTRUCTION NO. 7

The Court has earlier ruled as a matter of law that there is no issue in this case concerning Union Pacific's conduct. This includes any issues of signals or signs at the crossing, construction of the crossing and the approach to the crossing, speed of the train and the obligation to keep a careful lookout. Therefore, you should not consider any of these issues as they relate to Union Pacific because the Court has already ruled on these issues.

We need not address the dispute of Union Pacific and CCI regarding whether evidence would support a finding that its conduct contributed to the collision. If there was such evidence, the court had authority to give a 34.02 MAI withdrawal instruction. The MAI instruction would have sufficed to satisfy a request by Union Pacific to withdraw any issue of its conduct from the jury.

We assume, without deciding, there are a number of legal defects in the submission of Instruction No. 7. CCI argues Instruction No. 7 submitted prejudicial error because it: (1) shifted the burden of proof of plaintiff's claim to defendant by attempting to remove the "issue" of plaintiff's fault; and, (2) gave a non-MAI withdrawal instruction. These arguments are without merit for several reasons.

First, the issue is not preserved for appeal. CCI did not object during the jury instruction conference or preserve in its motion for new trial any claim that Instruction No. 7 shifted the burden of proof on any issue. Accordingly, that issue is not preserved for appeal.

Second, we conclude that it was not prejudicial. A pre-trial ruling that Union Pacific's conduct was not causal is unchallenged and Union Pacific's damages were unopposed. CCI's trial objections, its allegations in a motion for new trial and its argument on appeal do not detail how removal of a "non-issue" was or could have been prejudicial to defendant CCI on the only contested issue, CCI's liability. Instruction No. 7 did not mislead or confuse the jury in determining whether defendant CCI owed a duty to Union Pacific, breached that duty and thereby caused Union Pacific's property damage. Except for the objection and general argument that there was no need for a withdrawal instruction, nothing occurred during the trial that would have caused the jury to consider Union Pacific's conduct in their deliberation.

■ Next, CCI contends Instruction No. 9, Union Pacific's verdict directing instruction, was erroneous because it contained two

allegations of negligence on a single act which were merely duplicitous and therefore gave plaintiff "two bites of the apple." CCI refers to the first paragraph of the verdict directing instruction, submitted as follows:

First, either:

PST's employee failed to operate the tractor-trailer rig in such a manner so as to avoid becoming stuck and blocking the crossing, or

PST's employee failed to determine whether the tractor-trailer rig had sufficient clearance to traverse the crossing, and ...

We reject this argument for several reasons. First, the objections at trial during the instruction conference were not the same as argued here. CCI's objection was that the failure to avoid becoming stuck language was so "vague," it erroneously submitted a theory of strict liability. The objection on the alternative ground was essentially the same. The ground in CCI's motion for new trial corresponds with the point on appeal. However, the trial court did not overrule any objection based upon duplicitous submissions.

■ Second, Instruction No. 9 submitted two theories that are independent of one another and were supported by different evidence. An instruction submitting a party's negligence may include as many theories of negligence as are supported by the evidence. *Berra v. Union Elec. Co.*, 803 S.W.2d 188, 190–91 (Mo.App.1991); *Bushong v. Marathon Elec. Mfg. Corp.*, 719 S.W.2d 828, 831 (Mo.App.1986). Defendant CCI's arguments of instructional error are rejected.

■ Union Pacific cross-appeals arguing the trial court erred in denying its motion for pre-judgment interest because its damages were certain, liquidated and supported by evidence that was not contested by defendant. It contends pre-judgment interest is available, under section 408.020 RSMo 1994, to a prevailing plaintiff on a tort claim where the damages are certain and liquidated. That section permits creditors to receive interest for: (1) money after it becomes due and payable; (2) sums due on written contracts; (3) accounts after they become due and demand of payment is made; (4) money

recovered for the use of another and retained without the owner's knowledge or receipt; and, (5) all other money due or to become due for the forbearance of payment whereupon an express promise to pay interest has been made. Section 408.020 RSMo 1994. None of the categories listed in this statute apply to a tort claim.

It is a general rule that pre-judgment interest is not recoverable on a tort claim unless the tortious conduct confers a benefit on the defendant. *Schreibman v. Zanetti*, 909 S.W.2d 692, 704 (Mo.App. W.D.1995). The exception is inapplicable. The right to pre-judgment interest in a tort case does not arise from the tort, but rather arises from the rejection by the tortfeasor of a demand or offer of settlement lower than the eventual judgment. *Chambers by Abel v. Rice*, 858 S.W.2d 230, 232 (Mo.App. S.D.1993). Section 408.040.2 provides an opportunity for a plaintiff with a tort claim to obtain pre-judgment interest. *Id.* In the present case, Union Pacific did not avail itself of that procedure.

Union Pacific relies upon cases that are decisively distinguishable. It argues cases involving breach of contract, workers' compensation, trover and conversion and insurance. These cases are not controlling here. These are controlled either by statute or common law that provide for pre-judgment interest.

Union Pacific also appeals to equitable considerations. For that position, it cites a statement made in *Weinberg v. Safeco Ins. Co. of Illinois*, 913 S.W.2d 59, 62 (Mo.App. E.D.1995). However, *Weinberg* was a pre-judgment interest claim based on a written insurance policy. It did not involve a tort action for property damage.

We conclude that the demand procedure in section 408.040.2 RSMo 1994 represents the only available procedure for obtaining pre-judgment interest in a tort claim. In the present case, no demand was ever made under that authority. Accordingly, we hold the trial court did nor err in overruling Union Pacific's motion for pre-judgment interest.

We reverse the judgment against Department. We reverse and remand to the trial court for entry of judgment in favor of Union

Pacific and against defendant CCI without including any pre-judgment interest. Costs of this appeal are to be paid by CCI.

AHRENS, P.J., and CRANDALL, J., concur.