## PEDIATRIC ASSOCIATES, INC., Appellant,

v.

## CHARLES L. CRANE AGENCY COMPANY, et al., Respondent.

No. ED 76882.

Missouri Court of Appeals, Eastern District, Division One.

July 11, 2000.

Matthew J. Padberg, Padberg Law Firm, St. Louis, for appellant.

Edward S. Meyer, Cynthia A. Masterson, Adrian P. Sulser, St. Louis, for respondent.

Before GARY M. GAERTNER, P.J., PAUL J. SIMON, J., and JAMES R. DOWD, J.

PER CURIAM.

Appellant, Pediatric Associates, Inc., ("plaintiff"), appeals from the judgment of the Circuit Court of the City of St. Louis denying plaintiff's motion for pre-judg-

ment interest pursuant to Section 408.020 RSMo 1994.[1] We affirm.

On February 17, 1995, plaintiff's place of business was flooded and sustained damages. Plaintiff then sought indemnity from its insurance carrier for the loss. The insurance carrier refused to honor the demand on the ground that flood insurance was not provided under its policy.

On June 5, 1996, plaintiff filed a three count petition against the Charles L. Crane Agency Company, ("Crane Agency"), William Wunderlich, ("Wunderlich"), and the Metropolitan St. Louis Sewer District, ("MSD"). MSD was voluntarily dismissed without prejudice by plaintiff, and therefore, only Crane Agency and Wunderlich were left as defendants.

Count I alleged Wunderlich, acting within the scope and course of his employment with Crane Agency, was plaintiff's insurance broker. Based on Wunderlich's recommendations, plaintiff purchased a policy of flood insurance in 1980. Plaintiff also alleged that, unbeknownst to it, the policies procured by Crane Agency, subsequent to 1982, did not contain flood insurance. Plaintiff alleged defendants were negligent and careless for failing to notify plaintiff it was no longer protected of such; failing to conduct a yearly review of plaintiff's policies and needs; failing to provide plaintiff with policies and quotes which included flood insurance protection; and, failing to refer plaintiff to a firm providing flood insurance protection. Count I also alleged plaintiff's place of business had flooded and sustained damages in excess of $65,000. Count I concluded with the assertion that but for the negligence of defendants, plaintiff would have been indemnified by its insurance carrier.

In Count II, plaintiff asserted defendants implicitly agreed to provide plaintiff with insurance policies and insurance quotes that would include flood insurance protection. Further, plaintiff alleged, in breach of the agreement, defendants failed to provide plaintiff with flood protection insurance and as a result, plaintiff was damaged. In both counts, plaintiff sought judgment in excess of $25,000, plus pre-judgment interest.

On May 20, 1999, a jury found in favor of plaintiff on the negligence and breach of fiduciary duty claims, and awarded plaintiff $50,000. The jury found for defendants on the breach of contract claim.

On June 18, 1999, plaintiff filed a motion for pre-judgment interest. Plaintiff's memorandum in support of its motion indicates the motion is based on Section 408.020. Argument on the motion was heard August 4, 1999. The trial court did not rule on plaintiff's motion and it was deemed overruled on September 16, 1999. Plaintiff then filed a timely notice of appeal.

Plaintiff raises one point on appeal. It alleges the trial court erred in failing to order defendants to pay pre-judgment interest to plaintiff, in that plaintiff's damages of $50,000 was a liquidated sum, subject to pre-judgment interest under Section 408.020, because plaintiff had lost use of its property and money on the jury award, and that sum was ascertainable by a recognized standard. We disagree.

Section 408.020 provides:

Creditors shall be allowed to receive interest at the rate of nine percent per annum, when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts, and on accounts after they become due and demand of payment is made; for money recovered for the use of another, and retained without the owner's knowledge of the receipt, and for all other money due or to become due for the forbearance of payment whereof an express promise to pay interest has been made.

In *Union Pacific R. Co. v. Carrier Consul,* 973 S.W.2d 500, 503 (Mo.App. E.D.

---

1. All statutory references are to RSMo 1994 unless otherwise indicated.

1998), wherein railroad prevailed on negligence claims against owner of tractor-trailer rig, this court expressly found "the demand procedure in section 408.040.2 RSMo 1994 represents the only available procedure for obtaining pre-judgment interest in a tort claim."

In the case at bar, plaintiff prevailed on two tort claims. Plaintiff does not address *Union*, but does cite cases in which it claims that pre-judgment interest has been allowed under Section 408.020 in a variety of tort cases after Section 408.040 was passed. All of plaintiff's cases are distinguishable in that the parties requesting pre-judgment interest under Section 408.020 prevailed on contract claims; or contract *and* tort claims; or it wasn't clear from the record under which statute the party seeking pre-judgment interest was relying on. *See Vogel v. A.G. Edwards & Sons, Inc.*, 801 S.W.2d 746 (Mo.App. E.D. 1990) (not clear what plaintiff relied on in seeking pre-judgment interest); *Unlimited Equip. Lines v. Graphic Arts*, 889 S.W.2d 926, 942–43 (Mo.App. E.D.1994) (plaintiff prevailed on breach of contract claim); *A.G. Edwards & Sons, Inc. v. Drew*, 978 S.W.2d 386 (Mo.App. E.D.1998) (plaintiff prevailed on breach of contract *and* breach of fiduciary duty).

Further, "the general rule is that pre-judgment interest is not allowed in tort cases." *Ritter Landscaping, Inc. v. Meeks*, 950 S.W.2d 495, 496 (Mo.App. E.D. 1997). One exception to the general rule is "where the defendant's tortious conduct confers a benefit upon the defendant, pre-judgment interest may be recovered by the plaintiff on his claim." *Id.* In *Ritter*, plaintiff sued its insurance broker for negligence and negligent misrepresentation alleging that defendant negligently failed to procure flood insurance coverage for plaintiff. *Id.* This court reversed the trial court's award of pre-judgment interest for numerous reasons including the fact defendant did not derive any benefit from his failure to obtain the flood insurance coverage. *Id.* at 497.

In the case at bar, plaintiff prevailed on its tort claims. *Union* dictates that the demand procedure in Section 408.040.2 is the only available procedure for obtaining pre-judgment interest in a tort claim. Plaintiff sought pre-judgment interest under Section 408.020 and provides nothing compelling to suggest this was proper. Further, under the general rule, pre-judgment interest is not allowed except where defendant's tortious conduct conferred a benefit upon defendant. Plaintiff, in the case at bar, did not allege defendant's negligence nor breach of fiduciary duty somehow conferred a benefit upon defendant and we find nothing in the record to support such a finding. Based on the foregoing we affirm the judgment of the trial court.