McNEILL TRUCKING COMPANY,
INC., and Roy S. Golden,
Appellants,

v.

MISSOURI STATE HIGHWAY AND
TRANSPORTATION COMMISSION,
Respondent.

No. SC 82615.

Supreme Court of Missouri,
En Banc.

Jan. 23, 2001.

Joseph A. Bohrer, Rae L. Nickell,
Springfield, for appellants.

Zachary T. Cartwright, Rich Tiemeyer, Senior Litigation Counsel, Jefferson City, R.B. Regan, District Counsel, Springfield, for respondent.

WHITE, Judge.

Following settlements for injuries sustained as a result of a motor vehicle accident, defendants, McNeill Trucking Company (McNeill) and Roy S. Golden, filed third-party petitions seeking contribution from the Missouri State Highway and Transportation Commission (MHTC). MHTC responded with motions to dismiss asserting the defense of sovereign immunity. The motions were granted. We hold that claims for contribution are not statutorily barred by sovereign immunity when compensatory damage claims for injuries result from dangerous conditions on public property and a joint obligation on the liability is shared by tortfeasors. The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

The first suit was a wrongful death action against McNeill and Golden for the loss of Kyle. The second, involving the same parties, sought recovery for the injuries sustained by the surviving family members. The plaintiffs reached settlement agreements in both suits, but prior to their dismissal McNeill and Golden filed third-party petitions seeking contribution from the MHTC alleging negligence in the construction, repair, and maintenance of the section of I-44 where the accident occurred. MHTC responded with motions to dismiss asserting the defense of sovereign immunity. The motions were granted.

McNeill and Golden raise two points on appeal. They contend MHTC waived its sovereign immunity defense by not timely asserting it, and that sovereign immunity is not a bar to a third-party action for contribution. If sovereign immunity is not a bar, then the issue of waiver need not be reached.

## I.

The two underlying lawsuits forming the basis for this consolidated appeal involved personal injuries sustained in a motor vehicle accident that occurred on Interstate 44 (I-44) in Laclede County, Missouri. McNeill employed Mr. Golden, an independent contractor, as a tractor-trailer driver. On September 7, 1997, the truck he was driving overturned and an automobile driven by Jack Kramer collided with the wreckage. Mr. Kramer was injured along with all four of his children. His only son, Kyle, died as a result of the injuries he sustained.

## II.

The right to contribution is based upon the principle of fairness, and, while historically afforded in equity, it has subsequently been enforced at law under a variety of legal theories to rectify unjust enrichment.[1] The contribution defendant must be liable to the same person for the same injury.[2] It is this joint liability, not a joint judgment, that is a prerequisite to contribution.[3] With regard to third-party practice under Rule 52.11, an original party is not obligated to implead a third party in an original tort action. Failure to do so does not affect that party's substantive

1. *Safeway Stores, Inc. v. City of Raytown*, 633 S.W.2d 727, 730 (Mo. banc 1982), citing *Missouri Pacific Railroad Co. v. Whitehead & Kales Co.*, 566 S.W.2d 466, 469 (Mo. banc 1978). See generally, Note, *Contribution Between Persons Jointly Charged for Negligence Merriweather v. Nixon*, 12 Harv.L.Rev. 176, 178 (1898); R. Leflar, *Contribution and Indemnity Between Tortfeasors*, 81 U.Pa.L.Rev. 130 (1932); and 18 C.J.S., Contribution s 2, p. 3.

2. Id. See also W. Prosser, Law of Torts, s 50, at 309 (4th ed.1971); and the Restatement of Torts, Second, section 896A(1).

3. Id.

rights nor does it provide a defense to an action for contribution.[4]

█ The general rule regarding sovereign immunity is that the sovereign cannot be sued without its consent.[5] Consequently, statutory provisions that waive sovereign immunity must be strictly construed.[6] Missouri's sovereign immunity statute, section 537.600,[7] waives sovereign immunity to allow compensatory damages for injuries resulting from the negligent operation of motor vehicles or dangerous conditions on public property and provides in pertinent part:

1. Such sovereign or governmental tort immunity as existed at common law in this state prior to September 12, 1977, except to the extent waived, abrogated or modified by statutes in effect prior to that date, shall remain in full force and effect; except that, the immunity of the public entity from liability and suit for compensatory damages for negligent acts or omissions is hereby expressly waived in the following instances:

\* \* \*

(2) Injuries caused by the condition of a public entity's property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury directly resulted from the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of harm of the kind of injury which was incurred, and that either a negligent or wrongful act or omission of an employee of the public entity within the course of his employment created the dangerous condition or a public

entity had actual or constructive notice of the dangerous condition in sufficient time prior to the injury to have taken measures to protect against the dangerous condition. . . .

2. The express waiver of sovereign immunity in the instances specified in subdivisions (1) and (2) of subsection 1 of this section are absolute waivers of sovereign immunity in all cases within such situations whether or not the public entity was functioning in a governmental or proprietary capacity and whether or not the public entity is covered by a liability insurance for tort.

MHTC conceded at oral argument that it could have been impleaded into the original action and, if the facts supported it, found liable to the Kramers. What MHTC contends is that while sovereign immunity would not shield them as a party to the original tort action, it shields them from any claim of contribution which they characterize as being a separate and distinct cause of action not covered under section 537.600. Combining the decisions in *Rowland v. Skaggs Companies, Inc.*[8] and *Steinhoff v. Rolen,*[9] MHTC contends that an action for contribution is not substantively grounded in tort, and the courts are precluded from making extensions beyond the limited waiver of sovereign tort immunity under section 537.600. The analysis argued for by MHTC, and apparently applied by the court of appeals in *Steinhoff,* is misguided.

In *Rowland,* a medical malpractice case, this Court noted that "[b]y definition, a suit for contribution among tortfeasors must arise from some underlying tort ac-

4. Id. at 731.

5. *Fort Zumwalt School Dist. v. State,* 896 S.W.2d 918, 923 (Mo. banc 1995).

6. *State ex rel. Missouri Highway and Transp. Com'n. v. Dierker,* 961 S.W.2d 58, 61 (Mo. banc 1998).

7. All statutory references refer to RSMo 1994 unless otherwise indicated.

8. 666 S.W.2d 770, 773 (Mo. banc 1984).

9. 945 S.W.2d 516, 519 (Mo.App.1997).

tion." [10] While this does not alter the independent nature of the cause of action for contribution, it was held that the statute of limitations for medical malpractice actions governed under section 516.105 did not prohibit impleading a third party defendant for contribution in the underlying suit.[11] The fact that no words in section 516.105 indicated a legislative intent to include healthcare providers in suits for contribution was not dispositive. "It makes no difference that the claim for contribution arises ancillary to a suit subject to section 516.105." [12] The court of appeals in *Steinhoff* simply misconstrued the holding in *Rowland.* What is key is that the action for contribution "accrues from the existence of a joint obligation on a liability shared by tortfeasors." [13]

Contrary to MHTC's contentions, should the Court decide the statutory waiver of sovereign immunity applies to contribution claims, it would not be going beyond the language of section 537.600. Section 537.600 does not exclude contribution actions, but rather applies to "[i]njuries caused by the condition of a public entity's property if the plaintiff establishes that the property was in dangerous condition at the time of the injury. . . ." If MHTC accrues a joint obligation on the liability to the Kramers as a direct result of negligently maintaining I–44, then the fact that McNeill and Golden failed to implead MHTC in the original action does not affect their substantive rights or provide a defense to an action for contribution. The contribution claim under the facts of this case fits perfectly with the intent of section 537.600 to allow relief for injuries caused by a dangerous condition on Missouri's highways.

### III.

■ We hold that claims for contribution are not barred by sovereign immunity under section 537.600 when compensatory damage claims for injuries result from dangerous conditions on public property and a joint obligation on the liability is shared by tortfeasors. Since sovereign immunity is not a bar to this derivative claim, the issue of jurisdiction need not be reached. To the extent *Steinhoff* is inconsistent with this opinion, it should no longer be followed. The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

---

10. *Rowland v. Skaggs Companies, Inc.,* 666 S.W.2d 770, 774 (Mo. banc 1984). To the extent that *Rowland* states that an action for contribution among tortfeasors is not "grounded in tort," it should no longer be followed. *Id.* at 773[3].

