**Gordon ALLEN and Nancy Allen, Appellants,**

v.

**CITY OF ST. LOUIS, Respondent.**

**No. ED 82479.**

Missouri Court of Appeals, Eastern District, Division One.

Sept. 23, 2003.

**708**

Bruce C. Cohen, Bruce C. Cohen, P.C., St. Louis, MO, for Appellant.

Patricia A. Hageman, City Counselor, Edward J. Hanlon, St. Louis, MO, for Respondent.

GARY M. GAERTNER, SR., Presiding Judge.

Appellants, Gordon and Nancy Allen ("Allen"), appeal from the judgment of the Circuit Court of the City of St. Louis, dismissing Allen's suit against respondent, City of St. Louis ("City"). We reverse and remand.

On April 3, 1998, Allen was involved in an auto collision on Interstate 70, just west of Union Boulevard. Allen's vehicle was a Mercedes Benz 1983 SL Roadster. Such vehicles must be towed from the rear of the vehicle. Following the collision, City towed Allen's vehicle to the Metropolitan Police Department parking garage ("garage") located at 3919 Laclede in the City. City correctly towed Allen's vehicle from the rear, and consequently no damage resulted from this tow.

On April 21, 1998, City towed Allen's vehicle from the garage to City's Towing Services Facility located at 7410 Hall Street. This time, however, City did not follow the towing requirements, and Allen's vehicle was severely damaged during the course of the tow. The vehicle sustained approximately $9,926.44 in engine damage because it was towed from the front of the vehicle instead of the rear.

Allen brought suit against City, seeking to recover damages, costs and other appropriate relief. City answered, then subsequently filed a motion to dismiss arguing it was protected by sovereign immunity under section 537.600 RSMo (2000)[1] and section 537.610. The trial court granted City's motion to dismiss on December 17, 2002. Allen appeals.

 It is appropriate for a trial court to dismiss a case for failure to state a claim upon which relief can be granted where the plaintiff cannot prove any facts, which would entitle him to relief. *Johnson Development Co. v. First Nat. Bank,* 999 S.W.2d 314, 315 (Mo.App. E.D.1999). When a petition has been dismissed for failure to state a claim upon which relief can be granted, upon review, we assume every fact pleaded in the petition to be true, and give the plaintiff every reasonable inference that may reasonably come from the facts pleaded. *Id.*

---

1. All further statutory references are to RSMo 2000.

■ In their first point on appeal, Allen argues the trial court erred in dismissing their petition because City waived sovereign immunity. We agree.

■ Sovereign immunity is expressly waived for "[i]njuries directly resulting from the negligent acts or omissions by public employees arising out of the operation of motor vehicles or motorized vehicles within the course of their employment." Section 537.600.1(1). The statutory provisions that waive sovereign immunity must be strictly construed. *Steinhoff v. Rolen*, 945 S.W.2d 516, 519 (Mo.App. E.D.1997). A tow truck is considered a "motorized vehicle" for purposes of section 537.600. *St. Louis Flying Club v. St. Louis County*, 866 S.W.2d 929, 931 (Mo.App. E.D.1993).

In *St. Louis Flying Club*, Flying Club brought suit against the County for damages to their aircraft caused by the County's negligence in towing the aircraft. *Id.* at 930. The evidence at trial showed that the aircraft was damaged because the tow truck that moved the aircraft was traveling too fast when it towed the aircraft. *Id.* at 931. The trial court entered judgment for Flying Club and the County appealed. *Id.* at 930. On appeal, this court held there was sufficient evidence to determine the County used a tow truck to move the aircraft, and that while doing so the aircraft was damaged. *Id.* at 931. Therefore we held the motor vehicle exception applied and County was not protected by sovereign immunity. *St. Louis Flying Club*, 866 S.W.2d at 931.

City argues this case is distinguishable from *St. Louis Flying Club* because the negligence in this case occurred in the connection of Allen's vehicle to City's tow truck, rather than in the actual operation of the tow truck. In *St. Louis Flying Club*, the negligent act was driving the tow truck too fast with Flying Club's aircraft attached. City argues that negligence in connecting Allen's vehicle to the tow truck is not a sufficient act to waive sovereign immunity.

However, Allen's vehicle was damaged when City's tow truck moved the vehicle from the garage to the Towing Services Facility. Clearly, the tow truck used to move Allen's vehicle was a "motorized vehicle" for purposes of section 537.600. Additionally, assuming the facts pleaded in Allen's petition to be true, the damage to Allen's vehicle directly resulted from City's negligence in failing to properly tow the vehicle from the rear. Further, the act was caused by an employee of City within the course of employment. Therefore, we determine the motor vehicle exception to sovereign immunity applies, and the trial court erred in granting City's motion to dismiss.

■ City also argues that Allen did not "allege that a motor vehicle was being operated by an agent or employee of defendant City in this case.... Although it may be reasonable to assume that it was being towed by a motor vehicle, that is not necessarily the case." We find that Allen's petition sufficiently pleaded the use of a motorized vehicle by repeatedly referring to City's use of a tow truck. Point granted.

Because Allen's first point on appeal is dispositive, we will not address Allen's second point on appeal.

Based on the foregoing, the judgment of the trial court is reversed and remanded.

ROBERT G. DOWD, JR., J. and MARY R. RUSSELL, J. concur.