**Stephen J. ROIS, Appellant/Cross–Respondent,**

v.

**H.C. SHARP COMPANY, Respondent/Cross–Appellant.**

**No. ED 86794.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 17, 2006.

P.2004, unless otherwise indicated.

 

John E. Hilton, Clayton, MO, for appellant.

Michael W. Bartolacci, St. Louis, MO, for respondent.

Before GEORGE W. DRAPER III, P.J., GARY M. GAERTNER, SR., J., and ROBERT G. DOWD, JR., J.

## OPINION

PER CURIAM.

In this consolidated appeal, Stephen Rois (hereinafter, "Rois") appeals from the trial court's judgment against him on his breach of contract claim seeking unpaid commissions against his former employer, H.C. Sharp Company (hereinafter, "Sharp"). Sharp cross-appeals, claiming the trial court erred in failing to award it prejudgment interest after entering an award for actual and punitive damages on its breach of fiduciary duty claim.

Rois claims the trial court erred in three respects. First, Rois claims the trial court erred in finding he breached the terms of his employment contract because the agreement was amended through the course of the parties' conduct. Second, Rois argues the trial court erred in finding he breached his fiduciary duty through the diversion of profits through the conduct of business at his separately owned minority business, Millennium, because Millennium did not compete or adversely affect Sharp's business. Finally, Rois claims the trial court erred in failing to award him damages pursuant to the Missouri Sale Representative Act, specifically Section 407.913 RSMo (2000), for Sharp's withholding of his commissions.

We have reviewed the briefs of the parties, the legal file, and transcript on appeal with respect to Rois' three points of error.

The trial court's judgment is supported by competent and substantial evidence on the record. An extended opinion reciting the detailed facts and restating the principles of law with respect to Rois' points would have no precedential value. Rois has been furnished with a memorandum opinion setting forth the reasons for the order affirming the trial court's judgment pursuant to Rule 84.16(b). However, we reverse and remand the judgment with respect to the trial court's failure to award Sharp prejudgment interest in this opinion.

■ Sharp's sole point on cross-appeal alleges the trial court erred in failing to award it prejudgment interest on its counterclaim damages award. Sharp contends as a matter of law it is entitled to prejudgment interest pursuant to Section 408.020 RSMo (2000).[1] Rois disagrees, arguing Section 408.040 applies and Sharp failed to comply with the requirements thereunder, thus rendering it unable to collect prejudgment interest.

This issue requires statutory interpretation, which is a question of law. *Hemann v. Camolaur, Inc.*, 127 S.W.3d 706, 713 (Mo.App. W.D.2004). Therefore, our review is *de novo* with no deference to the trial court's decision on the issue. *Watters v. Travel Guard Intern.*, 136 S.W.3d 100, 111 (Mo.App. E.D.2004). There are two statutory provisions at issue. Section 408.020 states as follows:

> Creditors shall be allowed to receive interest at the rate of nine percent per annum, when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts, and on accounts after they become due and demand of payment is made; for money recovered for the use of another, and retained without the owner's knowledge of the receipt, and for all other

money due or to become due for the forbearance of payment whereof an express promise to pay interest has been made.

Section 408.040.2, in pertinent part states as follows:

> In tort actions, if a claimant has made a demand for payment of a claim or an offer of settlement of a claim, to the party, parties or their representatives, and to such party's liability insurer if known to the claimant, and the amount of the judgment or order exceeds the demand for payment or offer of settlement, then prejudgment interest shall be awarded. . . .

Sharp concedes it did not comply with the requisites of Section 408.040.2, but says compliance is not necessary because it is entitled to prejudgment interest based upon Section 408.020 and *Vogel v. A.G. Edwards & Sons, Inc.*, 801 S.W.2d 746 (Mo.App. E.D.1990). Sharp focuses on the phrase "for money recovered for the use of another, and retained without the owner's knowledge of the receipt" in Section 408.020 as support for its entitlement to prejudgment interest.

In *Vogel*, investors sued a broker claiming he breached his fiduciary duty to them by "churning" their investment accounts. *Vogel*, 801 S.W.2d at 749. The investors offered evidence at trial relating to prejudgment interest. *Id.* at 757. The defendant claimed this evidence was inadmissible because prejudgment interest was not recoverable on a tort claim, and even if it were, it would not be recoverable in this case because the plaintiffs' damages were not liquidated. *Id.*

This Court recognized the general rule that prejudgment interest is not recoverable in a tort action. *Id.*, 801 S.W.2d at 757. However, we acknowledged, "But, like all

**1.** All further statutory references are to RSMo (2000) unless otherwise indicated.

general rules of law, this rule has exceptions. Where the defendant's tortious conduct confers a benefit upon the defendant, prejudgment interest may be recovered by the plaintiff on his [or her] claim." *Id.; See also Schreibman v. Zanetti,* 909 S.W.2d 692, 704 (Mo.App. W.D.1995); *Ritter Landscaping, Inc. v. Meeks,* 950 S.W.2d 495, 496 (Mo.App. E.D.1997). We held the claimed breach of fiduciary duty conferred a benefit upon the broker in terms of the commissions he generated from "churning" the investment accounts. *Id.* As such, this Court held the plaintiffs' claims fit within the exception to the general rule and allowed an award of prejudgment interest. *Id.*

Despite this precedent, Rois urges us to following the holdings in *Union Pacific R. Co. v. Carrier Consultants, Inc.,* 973 S.W.2d 500 (Mo.App. E.D.1998) and *Pediatric Associates, Inc. v. Charles L. Crane Agency Co.,* 21 S.W.3d 884 (Mo.App. E.D. 2000). Rois argues both cases support his position that prejudgment interest in a tort case is not recoverable unless the plaintiff follows the procedure set forth in Section 408.040.

In *Union Pacific,* the railroad cross-appealed, arguing the trial court erred in denying its motion for prejudgment interest after receiving an award for property damage following a train collision. *Union Pacific,* 973 S.W.2d at 503. The railroad relied upon Section 408.020 to support its contention that prejudgment interest was available in a tort action where the damages were certain and liquidated. *Id.* This Court recognized the general rule that prejudgment interest was not recoverable on a tort claim unless the tortious conduct conferred a benefit on the defendant. *Id.* However, we rejected the railroad's argument, holding "the demand procedure in [S]ection 408.040.2 RSMo 1994 represents the only available procedure for obtaining

pre-judgment interest in a tort claim." *Id.* Since the railroad never made demand pursuant to Section 408.040 RSMo (1994), failing to award prejudgment interest was proper. *Id.*

Similarly, in *Pediatric Associates,* we rejected a claim for prejudgment interest sought pursuant to Section 408.020 on negligence and breach of fiduciary duty claims. *Pediatric Associates,* 21 S.W.3d at 885. First, this Court relied upon the rule set forth in *Union Pacific* that the demand procedure set forth under Section 408.040 was the exclusive procedure for obtaining prejudgment interest in a tort action. *Id.* Second, we recognized the general rule regarding prejudgment interest and the exception that allows recovery where the defendant's tortious conduct confers a benefit upon him or her. *Id.* at 886. However, this Court found "[p]laintiff, in the case at bar [*Union Pacific*], did not allege defendant's negligence nor breach of fiduciary duty somehow conferred a benefit upon defendant and we find nothing in the record to support such a finding." *Id.*

We find *Union Pacific* and *Pediatric Associates* distinguishable from the present case. Both cases recognized the exception to the general rule, but the exception had no application to either case. In *Union Pacific,* there was no breach of fiduciary duty alleged and no allegation that the defendant's tortious conduct conferred a benefit on the defendant. Moreover, we acknowledge the underlying judgment in *Pediatric Associates* was for breach of fiduciary duty and this Court disallowed prejudgment interest because the plaintiff did not follow the demand procedures set forth in Section 408.040. However, as this Court noted, the plaintiff failed to allege any tortious conduct which would bring the action under the exception allowing prejudgment interest. *Id.* at 886; *See also, Ritter,* 950 S.W.2d at 497 (revers-

ing award of prejudgment interest where plaintiff failed to show defendant's tortious conduct in failing to obtain flood insurance conferred some benefit to him).

In this case, Rois' breach of fiduciary duty, as affirmed in our separate memorandum, is tortious conduct which conferred a benefit on him in the form of the profits Millennium generated to the detriment of Sharp in the amount of $132,226.65. Therefore, Sharp's claim fits within the exception to the general rule. *See Vogel,* 801 S.W.2d at 757. Thus, Sharp could seek prejudgment interest despite Sharp's failure to follow the demand procedure set forth in Section 408.040.

■■ Rois argues even if Sharp fell within the exception to the rule, it is not entitled to prejudgment interest because the damages in this case were not liquidated because the amount due was not definite, certain, or readily ascertainable. Sharp claims "there is no dispute that the amount owed by Rois was certain and liquidated as of October 31, 2000." Rois disagrees, arguing he contested the fact Sharp was entitled to any damages and he presented substantial evidence at trial as to his expenses that should have been taken into account when the trial court fashioned its compensatory damages award.

■■ "Generally, prejudgment interest on unliquidated claims is not recoverable, for the reason that where the person is liable does not know the amount he [or she] owes, he [or she] should not be considered in default because of failure to pay." *Watters,* 136 S.W.3d at 111. Therefore, as a general rule, in order for prejudgment interest to be awarded, the claim for damages must be liquidated. *A.G. Edwards & Sons, Inc. v. Drew,* 978 S.W.2d 386, 396 (Mo.App. E.D.1998). A claim is liquidated when the claim is "fixed and determined or readily determinable, but it is sufficient if the amount due is ascertainable by computation or by a recognized standard." *Watters, supra.* Moreover, "[m]erely denying liability does not render a claim unliquidated." *Structure and Design, Unlimited, Inc. v. Contemporary Concepts Building and Design, Inc.,* 151 S.W.3d 904, 909 (Mo.App. W.D.2004).

We find the analysis used in *Vogel* instructive on the issue of whether Sharp's damages were ascertainable. As previously discussed, this Court held the broker breached his fiduciary duty and determined the conferred benefit from the breach was his commissions. *Id.* at 757. We rejected the defendant's argument that damages were not liquidated because the parties agreed the measure of damages should be the commissions charged on the trades that constituted churning. *Id.* "This dispute, thus, centers on the issue of which trades, if any, constituted churning. Therefore, once liability is established, the measure of damages, the commissions on the trades, is readily ascertainable." *Id.* at 758.

Similarly, the parties in this case dispute whether sales made by Millennium constituted a breach of Rois' fiduciary duty to Sharp. Once the trial court determined which, if any, of the sales constituted a breach, the measure of damages was readily ascertainable. While it might have proved difficult for Sharp to state with specificity what these profits were, they were not required to perform an exact calculation in order for the claim to be liquidated. *See Hocker Oil Co., Inc. v. Barker–Phillips–Jackson, Inc.,* 997 S.W.2d 510, 521 (Mo.App. S.D.1999); *City of Sullivan v. Truckstop Restaurants, Inc.,* 142 S.W.3d 181, 195 (Mo.App. E.D.2004). Sharp's damages were liquidated in that the measure of damages was readily ascertainable.

Under Section 408.020, prejudgment interest on liquidated claims is allowed only after demand for payment is made. *Watters,* 136 S.W.3d at 111. The demand need not be in any certain form, but it must be definite as to amount and time. *Drew,* 978 S.W.2d at 397. In the absence of a demand for payment prior to filing a lawsuit, the filing of the suit itself is sufficient to constitute a demand. *Id.* Further, the petition need not make a specific request for prejudgment interest. *Watters,* 136 S.W.3d at 111. "This Court has held that a petition which prays that the court grant 'such other relief as may be proper' is sufficient." *Id., (quoting Holtmeier v. Dayani,* 862 S.W.2d 391, 406 (Mo.App. E.D.1993)).

The record reflects Sharp did not make a demand for payment prior to filing its counterclaim against Rois. Sharp filed its first amended answer and counterclaim on July 13, 2004. Sharp answered Rois' allegations, raised affirmative defenses, and brought its own action to recover for breach of contract, breach of fiduciary duty, civil conspiracy, and tortious interference. While the counterclaim does not make a specific request for prejudgment interest, Sharp requested that the trial court "grant[ ] such other and further relief as the Court deems just and proper." This satisfied the demand requirement under *Watters.*

In conclusion, we find Sharp's claim fell within the exception to the general rule and within the parameters of Section 408.020. Moreover, we hold Sharp's claim was liquidated and readily ascertainable as of October 31, 2000. As a result, "the award of prejudgment interest in a case in which Section 408.020 is applicable is not a matter of court discretion; it is compelled." *Baris v. Layton,* 43 S.W.3d 390, 398 (Mo.App. E.D.2001); *Watters,* 136 S.W.3d at 112. Accordingly, the trial court erred in failing to award Sharp prejudgment interest. Sharp's point is granted.

The judgment with respect to the prejudgment interest is reversed. The cause is remanded with instructions to the trial court to award Sharp prejudgment interest, as provided in Section 408.020, running from July 13, 2004, the date Sharp filed its counterclaim, to July 12, 2005, the date of the judgment. *See Drew,* 978 S.W.2d at 397; *Baris,* 43 S.W.3d at 398; and *Watters,* 136 S.W.3d at 112.